No. 17,995.

CLARENCE DEAN HALLER, ET AL. *v.* MARY ELLEN GROSS.
(309 P [2d] 598)

Decided April 8, 1957.   Rehearing denied April 29, 1957.

Messrs. WOOD & RIS, for plaintiffs in error.

Mr. H. W. SEAMAN, Mr. CONRAD L. BALL, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS action arises under and is based upon the so-called guest statute, being C.R.S. '53, 13-9-1. Defendant in error, a minor nineteen years old, obtained a judgment. in the sum of $6,492, with interest and costs, against plaintiffs in error, as driver and owner of an automobile in which she was riding as a guest.

Plaintiff in error J. P. Haller, as defendant, was not involved other than as owner of the automobile; he gave his son Clarence, the other defendant, permission to drive the car on the occasion of an accident. The accident occurred about midnight November 9, 1954, on a city street in Boulder, Colorado.

The Gross and the Haller families were friendly neighbors and residents of Estes Park. Mary Ellen Gross, plaintiff, was a visitor at the home of her brother and on the evening of the accident, the Gross family were entertained at dinner at the Haller residence. One James McGraw came to the Haller residence for the purpose of joining plaintiff and Clarence Haller in a trip to Denver for dancing at the Rainbow Ballroom. Upon arrival at the ballroom they found it closed; thereupon, they drove to a tavern located about three blocks west, arriving there about 10:00 o'clock p.m. Before dinner at the Haller residence, Clarence and plaintiff had a whiskey highball, and Clarence had a bottle of whiskey in the automobile which contained two or three cups of whiskey. This was known to plaintiff when she got into the automobile and before leaving Estes Park.

While on the way from Estes Park to Lyons, plaintiff and Clarence each had a drink from the bottle; they stopped at a tavern in Lyons and McGraw and Clarence each had a drink; after leaving the tavern, and on the road to Boulder, plaintiff and Clarence each had one or

two drinks. When they finally arrived at the tavern in Denver, plaintiff and Clarence finished the contents of the bottle in the car; then each had a scotch and water; they then ordered double drinks; and Clarence and McGraw each had four or five drinks each while plaintiff testified that she only had about three drinks.

After leaving the tavern in Denver they started for Boulder; McGraw was the driver until they were within a quarter of a mile of Boulder, when Clarence took the wheel and drove until an electric light pole obstructed their way, and in the resulting collision plaintiff was injured. Plaintiff admitted all that has been related concerning the drinking party and stated that she was intoxicated at the time of the accident and during that intoxication she had asked for permission to drive while they were on the toll road. She conceded that Clarence was intoxicated when they left the tavern in Denver, and was intoxicated all of the way until the accident. McGraw was charged with drunkenness by the police and pleaded guilty. Apparently the only protest plaintiff made to the driver was concerning the speed. She made no complaint at the toll gate where they had to stop; neither did she request or attempt to leave the car. She had an opportunity to leave the car at a stop signal in Boulder.

At the conclusion of plaintiff's case, counsel for defendants moved for a directed verdict, claiming that as a matter of law plaintiff had assumed the risk and was thereby contributorily negligent. The motion was denied; the jury instructed; and defendants contend that the trial court erroneously refused the following instruction:

"Instruction No. 8

"The Court instructs the jury that a person who becomes intoxicated with others, while all are drinking alcoholic beverages in a group or party, assumes the risk of being injured as a result of intoxication by other members of her own party.

"If· you find from the preponderance of the evidence in this case that the plaintiff, Mary Ellen Gross, became intoxicated while.drinking alcoholic beverages in a party consisting of herself, the · defendant, Clarence Dean Haller, and James McGraw, and that the plaintiff's injuries resulted from the intoxication of the defendant, Clarence Dean Haller, your verdict must be for the defendants."

From the facts herein related, which are undisputed, to the effect that plaintiff participated in what we will call.a drinking party on the evening of the accident. and·imbibed freely from.the intoxicating liquor that was. about her before leaving on the trip during which the accident occurred, that she went so far as to. offer some of her liquor to the driver, that she knew that the driver and her companions were in a state of intoxication before starting on the disastrous journey, it is clear that plaintiff was contributorily negligent and assumed the risk of whatever might happen when she entered defendants' automobile with the other intoxicated occupants and continued on the trip in a party where sobriety was .wholly absent. The motion for a directed verdict based upon the grounds just enumerated, should have been sustained and error of the trial court attached.

Plaintiff, while legally a minor, was nineteen years old and possessed of the usual and·ordinary faculties of an adult person and it may be assumed that she was fully capable of knowing, or could anticipate, danger that might follow from the operation of· the car .due to the physical incapacity of the driver, and she made no effort to avoid the likelihood of the accident and it must be said that she assumed the risk, which bars her recovery. The principle thus announced is aptly stated in *Wilson v. Hill,* 103 Colo.·409, 86 P. (2d) 1084; and *United Brotherhood of Carpenters and Joiners v. Salter,* 114 Colo. 513, 167 P. (2d) 954.

Having determined that this matter .should have been. disposed of on defendants' motion for a directed

verdict, it is unnecessary to discuss the errors claimed by defendant in the matter of the instructions to the jury other than to observe that the instruction tendered and refused, which is hereinbefore set out in full, clearly presented defendants' theory of the case, and, as this Court has many times said, it is the duty of the trial court to give, if tendered, instructions that disclose the defendant's theory. *Neilson v. Bowles,* 124 Colo. 274, 236 P. (2d) 286; *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862.

In accordance with the views herein expressed the judgment is reversed and the cause should be and is remanded to the trial court with directions to dismiss the action.

MR. JUSTICE SUTTON not participating.