No. 18,239.

VIRGINIA K. BEHR *v.* P. J. McCOY AS McCOY AND JENSEN, ETC.

(330 P. [2d] 535)

Decided October 14, 1958.

Messrs. HOLLEY & BOATRIGHT, Messrs. RINN & CONNELL, for plaintiff in error.

Messrs. BERMAN, LILLY & FRIEDRICHS, Mr. V. G. SEAVY, JR., for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here as they appeared in the trial court and we refer to them as plaintiff and defendant.

Plaintiff in her complaint filed November 16, 1955, seeks to recover from the defendant damages for alleged injuries suffered by her while operating her Chevrolet Coupe at the intersection of Wadsworth Avenue and Twenty-ninth Avenue in Wheatridge, on July 1, 1954. In her complaint she alleges that she was proceeding south on Wadsworth, had given proper signals for a left turn and had stopped in her left lane of traffic waiting for north-bound traffic on Wadsworth to pass so she could make the left turn, when she was struck from behind by defendant's two-ton truck loaded with peat moss. The alleged negligence of Cline, defendant's truck driver, was: (1) failure to keep a reasonable lookout; (2) failure to have his truck under control; (3) failure to turn into the right lane of traffic and thus avoid striking plaintiff; (4) following plaintiff too closely, and (5) inadequate brakes. The defendant's answer denies negligence and alleges that plaintiff's injuries, if any, were the result of her own negligence, that she was guilty of contributory negligence and that the accident was unavoidable.

Trial was to a jury. Only three witnesses testified concerning the collision. The plaintiff testified that she approached the intersection at a moderate rate of speed and at a point about one block north of the intersection turned on her directional signal and started her arm signal, both indicating her intention to make a left turn; pulled her car into the portion of the right half of the roadway nearest the center line thereof and came to an even and complete stop. That she had been stopped from thirty to forty-five seconds, waiting for north-bound traffic to pass before making the left turn, and was, while stopped, struck from behind by defendant's truck.

Patrolman Penner, called as a witness by plaintiff, testified that he was about one-half black away from the scene of the accident; that he immediately went to the place of the accident and found that plaintiff's car had

been struck on the right rear by defendant's truck and knocked partly into the north-bound lane of Wadsworth traffic; that Wadsworth Avenue is of asphalt paving, thirty feet wide, and Twenty-ninth Avenue is thirty feet wide; that the sun was shining; there was nothing to obscure the vision of anyone at the intersection, and there were no defects in the pavement. The truck left no skid marks; it stopped in the west lane of traffic about four feet west of the center lane; there was room for the truck to have passed to the right of plaintiff's car. He further testified that Cline, driver of defendant's truck, told him that "he had just not seen the car."

For the defendant, its driver Cline testified that he was driving south on Wadsworth with about eight tons of peat moss, going fifteen to twenty miles per hour, and plaintiff passed him on the left prior to reaching Twenty-ninth Avenue; that she cut in front of him when she was about twenty feet ahead of him, she then being about one hundred and fifty feet from Twenty-ninth Avenue; it was shortly after she got in front of the truck that she applied her brakes to stop for Twenty-ninth Avenue. He further testified that he hit his brakes immediately but there was not quite enough time and enough distance between the vehicles to avoid striking plaintiff's car; that his truck went about three feet after the impact; that there was not enough time to leave any brake or skid marks. Cline denied that he told the patrolman that he did not see plaintiff's car.

There was a conflict in the medical testimony as to whether plaintiff has been injured in the collision.

The jury returned its verdict in favor of the defendant.

The plaintiff is here by writ of error and seeks reversal on several grounds, among which is the court's refusal to instruct the jury with reference to plaintiff's theory of the case and the duty of the operator of a motor vehicle to keep a proper lookout for other vehicles on the highway. Plaintiff tendered two instructions setting forth her theory and the legal requirements of one driv-

140

ing a motor vehicle to keep a proper lookout. The court refused to give either instruction and gave no instruction with reference thereto. Its instructions on negligence were as follows:

## "INSTRUCTION NO. 3

The fact that an automobile runs into the rear of another automobile in broad daylight may create an inference of negligence on the part of the driver of the automobile that strikes the rear of the car ahead, for the reason that this is rarely capable of an explanation; and you should consider and weigh all of the evidence in this regard in arriving at a conclusion as to negligence.

## "INSTRUCTION NO. 4

The mere happening of the accident does not raise any presumption of negligence on the part of either the plaintiff or the defendants.

Negligence is a failure to observe, for the protection of one's self or of others, that degree of care, precaution and vigilance which the circumstances justly demand. In other words, it is the want of that care and precaution which an ordinarily careful and prudent person would exercise under all the circumstances of the case.

A failure to do what an ordinarily careful and prudent person would have done under the circumstances of the case, or the doing of something that an ordinarily careful and prudent person would not have done under the circumstances of the case, is negligence."

These are the only instructions given to aid the jury in resolving the issue as to defendant's negligence.

■ The plaintiff's complaint alleges that defendant was negligent in not keeping a proper lookout; defendant's answer denied this. Plaintiff's testimony was to the effect that she was struck while stopped and from behind, and that defendant's explanation of this unusual occurrence was the fact that he did not see her car. The defendant denied making any such statement and testified that he did see her car. Thus, there was in issue

before the court the question as to whether defendant's driver saw plaintiff's car; this issue was for the jury to determine, and it should have been advised as to the legal consequences flowing from seeing or not seeing plaintiff's car under the circumstances prevailing at the time and place of the collision.

In *Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 333, the court quoted with approval from Thompson on Negligence, as follows:

"The following text, in Volume 8, par. 1340h, Thompson on Negligence (White's Supplement), is pertinent. 'The chauffeur, in driving his machine on a public highway must keep a vigilant watch ahead for vehicles and pedestrians, and at the first appearance of danger take proper steps to avert it, and if necessary stop the machine and even the motor, where that is necessary and practicable. He will be presumed in case of accident to have seen what he should and could have seen in the performance of his duty.'"

In *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100, it was said:

"* * * To have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all. *Gunby v. Colorado & Southern R. R. Co.,* 77 Colo. 225, 235 Pac. 566; *Nucci v. Colorado & Southern Ry. Co.,* 63 Colo. 582, 169 Pac. 273; *Denver City Tramway Co. v. Cobb,* 164 Fed. 41, and *McLennon v. Whitney-Steen Co.,* 63 Colo. 568, 167 Pac. 771. * * *."

In *Prentiss v. Johnston,* 119 Colo. 370, 203 P. (2d) 733, it was repeated thus:

"* * * Also we have held that whenever a driver looks for approaching vehicles 'in such manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all,' *Fabling v. Jones, supra,* and cases there cited. We do not question the correctness of

142

the rule, and the application of it to the factual situation present in the cases cited was proper."

See also: *Werner, et al. v. Schrader,* 127 Colo. 523, 258 P. (2d) 766; *Ridenour v. Diffee,* 133 Colo. 467, 297 P. (2d) 280; *Union Pacific Railroad Company v. Cogburn,* 136 Colo. 184, 315 P. (2d) 209.

It was the duty of the trial judge to instruct the jury with reference to the plaintiff's theory of the case, as evidenced by her pleadings and proof.

In 53 Am. Jur. 487, §626, it is said:

"Each party to an action is entitled to have the jury instructed with reference to his theory of the case, where such theory is supported by competent evidence and the instruction is properly requested, and this although such theory may be controverted by evidence of the opposing party. * * *."

In *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862, this court said:

"* * * Each party to a cause on trial has the right to submit, and the court is under obligation to give, proper instructions in support of the theory of the respective parties, providing there is evidence in the record upon which to base each instruction. A thorough study of this record convinces us that there is evidence on behalf of defendants which requires the giving of these instructions. One might be inclined to suspect the complete accuracy of this last statement if viewed alone from the standpoint of the defendant Pister, but certainly there can be no justification for the refusal of said instructions when tendered on behalf of defendant Jussel. * * *."

In *Denver City Tramway Company v. Doyle,* 63 Colo. 500, 167 Pac. 777, it was said:

"There is no question concerning the defendant's right to have the jury properly instructed in a concrete manner upon its theory of the case, whenever there is competent testimony to sustain that theory, if adopted.

\* \* \*

"There are numerous cases which hold that the de-

fendant is entitled to such instructions, even though the law is, in a general way, covered by the changes given, unless the court can see that no prejudicial error resulted from such refusal."

Our latest pronouncement to the same effect is found in *Haller v. Gross,* 135 Colo. 218, 309 P. (2d) 598, wherein we said:

"Having determined that this matter should have been disposed of on defendants' motion for a directed verdict, it is unnecessary to discuss the errors claimed by defendant in the matter of the instructions to the jury other than to observe that the instruction tendered and refused, which is hereinbefore set out in full, clearly presented defendants' theory of the case, and, as this Court has many times said, it is the duty of the trial court to give, if tendered, instructions that disclose the defendant's theory. *Neilson v. Bowles,* 124 Colo. 274, 236 P. (2d) 286; *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862."

Holding, as we do, that it was prejudicial and reversible error to fail to properly instruct the jury on one of the principal issues in the case and on plaintiff's theory, we find it unnecessary to determine other questions presented in the briefs.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.