## No. 20,083.

EDITH M. NEMER *v.* FRANCIS A. ANDERSON AND AS
ADMINISTRATOR OF THE ESTATE OF LUCY W. ANDERSON,
DECEASED, ET AL.

(378 P. [2d] 841)

Decided February 4, 1963.     Rehearing denied March 4, 1963.

Mr. Charles R. Enos, Mr. John M. Deisch, Mr. C. Charles Buchler, for plaintiff in error.

Mr. Franklin C. Douglas, Mr. J. Fred Pferdesteller, Mr. Fred W. Vondy, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

We will herein refer to the parties by name or as they appeared in the trial court where the plaintiff in error was the defendant and defendants in error were plaintiffs.

The action is for damages resulting from an automobile collision. The plaintiffs recovered a lump sum money judgment against the defendant in the amount of $11,440.72. Their complaint was not in separate counts and was not for specific damages claimed by the several plaintiffs. The lump sum judgment is one of the points of error urged by the defendant.

Other errors claimed are that the trial court's "Findings, Order and Judgment" is short of the requirements for findings of fact and conclusions of law as required by Rule 52 (a) R.C.P. Colo. and that the evidence does not support the determination by the court that the defendant was negligent nor is it sufficient to support the amount of damages.

Francis A. Anderson and his wife, Lucy W. Anderson, each had specific damages as disclosed at the pre-trial conference. Anderson & Son, a co-partnership, of which Francis was a member, claimed ownership of the automobile in which the Andersons were riding and so appeared as a party plaintiff to collect for damages to the vehicle. Mrs. Anderson died before trial, and Francis as administrator of her estate was substituted as a party plaintiff. Her death was from causes not connected with the accident.

The evidence established that the Andersons were traveling westward toward Denver at dusk on state highway 72, commonly known as "Smith Road." A collision occurred at the "Chambers Road" intersection lying east of Denver in Adams County. The Andersons claimed they were traveling with their car lights on at about 45 miles per hour. Stop signs were in place on Chambers Road controlling vehicles entering Smith Road, a through state highway. Both roads were straight, on flat terrain, and the view on both highways was unobstructed for a distance of several hundred feet. The defendant testified she had been to the grocery store and was returning home proceeding northerly on Chambers Road with her car lights on. Defendant testified she stopped her car at the intersection, looked both right and left along the highway, but did not see or hear the Anderson car. She thereupon drove into the highway in front of the oncoming Anderson car, with the resultant collision. The Anderson car, after laying down 16 ft. of skid marks, drove into the side of defendant's car broadside so as to make an impression of its headlights in both doors of defendant's car.

Trial was to the court. Upon completion of the testimony and summarization by counsel, the trial court made comments from the bench summarizing the evidence as to the collision, and then stated that under the statutes and the decisions of this court with reference to drivers of motor vehicles crossing a through highway "a person crossing a through highway must stop, must look, and must yield the right of way to those cars that are approaching, * * * that to look and not see is equivalent of not having looked at all. * * * Applying that principle of law to the facts in this case, it is the decision and judgment of this Court that the Defendant in this matter was guilty of negligence and said negligence was the proximate cause of this accident."

The trial court then announced that it was taking

the amount of judgment under advisement. Later a court's "Findings, Order and Judgment" was entered which listed the damages in the following order.

1. Loss of automobile, the sum of $730.00;

2. Medical bills, the sum of $1,551.51;

3. Loss of earning of Lucy W. Anderson, the sum of $2,970.00;

4. Loss of wheat crop to plaintiff Francis A. Anderson, the sum of $4,189.21; and

5. Pain and suffering of plaintiff Francis A. Anderson, the sum of $2,000.00.

It was further adjudged by the trial court that "In view of the above, judgment is entered in favor of the plaintiffs and against the defendant in the amount of $9,440.72, plus Court costs." By a later order of the court, the total figure of the judgment was corrected to read $11,440.72.

■ Defendant's contention that the comments of the trial court at the close of the case do not amount to an entry of findings of fact and conclusions of law is highly technical. While it is true that the court did not label his remarks as being either findings or conclusions, an analysis of what the court said reveals that there was a very definite "finding" that the failure of the defendant to look and to see the Anderson car which was there and within range of vision was the equivalent of not looking at all. A further analysis of the court's remarks reveals the "conclusion" that the defendant was negligent and that such negligence was the proximate cause of the accident. Both the finding that the defendant cannot be excused for her failure to see the Anderson car and the conclusion which follows the cases of *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100; *Prentiss v. Johnston,* 119 Colo. 370, 203 P. (2d) 733; *Behr v. McCoy,* 138 Colo. 137, 330 P. (2d) 535, are amply supported by the record.

As to the item of damages, defendant contends that

the court failed to find that the car in which the Andersons were riding was owned by the partnership. Although this is true, the evidence of ownership in the record is uncontradicted. The ownership of the automobile was not made an issue in the trial nor at the pretrial conference.

The inadvertence of the court in failing to make this precise finding is understandable in the light of the record wherein the ownership is unchallenged. The attack, however, as to the amount of damages awarded to the partnership is not without some merit. The amount awarded is not supported by competent evidence in the record. The Andersons testified that $750.00 was the "asking price" of the car which they had taken in on a trade about a week before. They were unable to say what actual value they had assigned to the car. Being in the business of dealing with used automobiles, they were able to testify that the "book value" of the car in Denver, i.e., the value which a recognized dealer's price list would place on the car was $640.00. They obtained $37.00 salvage; hence the resultant damages as disclosed by the record is $603.00. This is the amount which the court should have awarded.

We find no merit in the challenge to the findings of the trial court that the medical bills reasonably incurred and all paid by Mr. Anderson was the sum of $1,551.51. This amount was stipulated at the pretrial conference to be reasonable if it were shown by the evidence that all of the expenses were incurred as a result of the automobile accident. This proof of connection with the injuries caused by the defendant was definitely established.

The third item contended by the defendant to be erroneously determined by the court was the amount of $2,970.00 for lost time by Mrs. Anderson during her period in the hospital and her convalescence. The reason the defendant believes she should be relieved of

this item is that Mrs. Anderson, although performing services for the partnership of her husband and son, was actually paid no salary, and, therefore, had no earnings which she lost. They contend that 1960 Perm. Supp. C.R.S. 152-1-9, allows recovery by the administrator for "loss of earnings" and would have us construe that phrase in the statute so as not to include *loss of time* or *loss of earning capacity*. We are not disposed to give the statute such a narrow construction. Mrs. Anderson, if she were alive, would be entitled to reimbursement for loss of time or for loss of capacity to earn, whether or not she was receiving any salary. See 25 C.J.S. 618, sec. 86, Damages; Sedgwick on Damages, vol. 2 (9th ed.), sec. 482; *Wilcox v. Sway*, 69 Cal. App. (2d) 560, 160 P. (2d) 154. Also *Fotter v. Butler*, (Me.) (1950) 75 Atl. (2d) 160; *Allen v. Norwood Arena, Inc.*, (Mass.) (1955) 124 N.E. (2d) 505. We hold that it was the intention of the statute that such a right to such damages survives.

There was ample evidence that she did render services as bookkeeper and buyer and that during the time she was incapacitated a replacement to do the work which she was accustomed to perform was paid a salary of $270.00 per month. As to this item, the court detailed its finding that the estate of Mrs. Anderson was entitled to be reimbursed for five months' disability at $270.00 per month and twelve months partial disability of Mrs. Anderson. This amount is recoverable even though Mrs. Anderson was paid no salary.

The court made a finding that among the damages suffered by Francis A. Anderson was $4,189.21 for loss of wheat crop. Mr. Anderson's contention was that by reason of the accident he was unable to sow his wheat crop as early as he should have and that the late sowing produced a yield less than raised on comparable tracts of his neighbors.

The attempted proof of this item of damages was

highly speculative. There was testimony in the record that in order to get the maximum yield Mr. Anderson should have had his wheat in by August 30. Since on that date he was on his way to Denver and had no intention of sowing his wheat at such an early date, he was already entering the period which was considered by some experts as being late. In addition there were many variable factors such as seed, soil care, and moisture content of the ground, all of which could prevent maximum yield, so the evidence failed to establish that the smaller yield of the Anderson farm was due entirely to the delay in planting. In addition, the evidence demonstrated that Mr. Anderson took no steps to mitigate this damage, notwithstanding other persons were available to plant his wheat. He did not utilize their services. This item is not supported by the evidence, and the awarding of it was error.

The final item of damage was $2,000.00 for plaintiff Anderson's pain and suffering. This, of course, is an item that has no yardstick and in cases tried by the jury is usually not set out in precise amounts as was here announced by the court as trier of the facts. The evidence discloses that Mr. Anderson was quite painfully injured, sustaining a severe blow to the head, multiple bruises and abrasions, swelling and fluid in the right knee and an undisplaced fracture of the right knee (patella). He was hospitalized. His knee was quite painful for several months after the injury. Mr. Anderson also testified that he had been subject to headaches since the accident. We cannot say as a matter of law that the amount specified by the court is unreasonable or excessive.

The judgment lumping these separate items into a single judgment for the collective plaintiffs is incorrect. Judgment in appropriate amounts for each plaintiff should have been entered by the court. Failure to enter separate judgments, however, is not grounds for

418

reversal and requires only that the judgment be modified in this respect.

Accordingly, that portion of the judgment fixing the liability of the defendant is affirmed, and the cause remanded to the trial court with directions to enter judgment against defendant in the sum of $603.00 in favor of the plaintiff partnership Anderson & Son; to enter judgment in the amount of $3,551.51 in favor of the plaintiff Francis A. Anderson, and in the amount of $2,970.00 in favor of the plaintiff Francis A. Anderson as administrator of the estate of Lucy W. Anderson.

As so modified the several money judgments are affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.