**Ida NINIO, Appellant,**

v.

**Donald W. HIGHT, Appellee.**

**No. 9360.**

United States Court of Appeals Tenth Circuit.

Nov. 7, 1967.

Rehearing Denied Dec. 27, 1967.

------◆------

Robert A. Dufty of Kripke, Hoffman & Friedman, Denver, Colo., for appellant.

Eugene S. Hames, of Wood, Ris & Hames, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, PHILLIPS and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

Plaintiff-appellant Ninio appeals from a judgment on a jury verdict in her negligence action against defendant-appellee Hight for damages arising out of a skiing accident. The contention is, and must be, that only an inference of negligence can be drawn from the facts of the case and that the trial court erroneously refused to direct a verdict accordingly. And see Gushurst v. Benham, Colo., 417 P.2d 777; Christopherson v. Humphrey, 10 Cir., 366 F.2d 323. Alternatively, she insists that if the facts make out a case for the jury, the court erroneously refused to instruct concerning the applicable rule by which the jury should consider the negligence issue.

The uncontroverted facts are that on the day of the accident Mrs. Ninio was a participant in a beginner's skiing class in Aspen, Colorado. The class of ten or eleven skiers, under the direction of an instructor, were slowly descending the ski slope one after another and diagonally from one side of the ski trail to the other. Several of the skiers had crossed to the left side of the trail and were standing with the instructor looking back at those still descending. Just as Mrs. Ninio turned to begin her "traverse" to the left, Hight came skiing from "behind * * * above and to the right of the group" and collided with those of the class who were waiting to traverse to the left, including Mrs. Ninio.

Mrs. Ninio invokes the unwritten "rule of the road" applicable to skiing activities under which an overtaking skier is required to yield to skiers below him that are being overtaken. She points to the admitted fact that as an experienced skier, Hight was fully cognizant of this well-known rule and was the overtaking skier when he collided with the members of the ski class. She says that the day was clear. and the downhill view unobstructed; that Hight was concededly "in control" and admitted seeing people on the left side of the trail but no one on the right side; that the collision occurred on the right side where at least three people were knocked to the ground, including Mrs. Ninio. We understand the theory of her case to be that if Hight was in control and had looked to the right, he could have seen and avoided the group, and that failure to see and heed their presence was negligence as a matter of law.

Examination of the record, however, reveals conflicting testimony as to whether Hight was in control and whether the immediate circumstances and exigencies of the situation prevented him from looking to his right. Hight testified that he was skiing "in control". But an expert witness testified that immediately after the collision Hight stated that he "caught an edge and lost control"; that "catching an edge is simply that your ski turns and you catch the edge in the snow in such a way * * * [that] it causes loss of control"; that no matter "what your proficiency is, it's still possible * * * to catch an edge while * * * skiing". Hight also testified that he had been skiing down the right-hand side of the trail to avoid people standing on the left; that "I remember either a bare spot or a spot I wanted to avoid, and I rose over a mogul [a mound of snow] and just as I had finished making my turn to the left I saw,

sort of out of my field, ski pants and boots, and I didn't have time to really look up. Then we just made contact." We agree with Judge Doyle that this evidence presents questions of fact for the jury as to whether Hight was in control and whether in the circumstances he was prevented from looking to see what he should have seen.

Submitting the case to the jury, the trial court abstractly instructed on the issue of negligence in conventional terms of ordinary care. At the conclusion, appellant objected to the refusal of the court to instruct in accordance with the "rule of the road" in Colorado to the effect that "* * * in law if a party looks in such a manner as to fail to see what must have been plainly visible, he or she looked without a reasonable degree of care, and such a look is of no more effect than if he or she had not looked at all."

This instruction appears to read on the settled law of Colorado to the effect that when, in the exercise of ordinary care, one has a duty to look for dangerous conditions, he will be presumed, in case of accident, to have looked where he was supposed to look and to have seen what he could reasonably be expected to see. And, failure to look and to see what reasonably could and should have been seen is negligence. See Behr v. McCoy, 138 Colo. 137, 330 P.2d 535; Clibon v. Wayman, 137 Colo. 495, 327 P.2d 283, and cases cited.

Hight argues, however, that the Colorado Court has applied this rule only to cases involving automobile accidents and that it is unsound to equate drivers of motor vehicles with skiers. But, we can see no logic in refusing to apply this well-reasoned rule to all activities involving a duty to keep a proper lookout for perilous conditions or situations.

As we have seen, there was record evidence to support Mrs. Ninio's theory that Hight was in control, that he could and should have looked to his right and, had he done so, he could have seen and avoided the group into which he collided. Upon proper request, Mrs. Ninio would undoubtedly have been entitled to an instruction applying the abstract statement of the rule of the road to the factual theory of her case. See Dallison v. Sears, Roebuck & Co., 10 Cir., 313 F.2d 343. She requested no such instruction—unfortunately, all requested instructions were in the abstract. Be that as it may, we think the trial judge was obliged to give her requested abstract instruction on the rule of the road even as he gave other necessarily abstract instructions on ordinary care.

The case is accordingly reversed and remanded for a new trial.

LEWIS, Circuit Judge (dissenting in part).

I agree with my Brothers that this case presented a jury question as to whether the accident was caused by the appellee's negligence and also agree that an overtaking skier has a duty to keep such lookout as may be reasonable under all the circumstances that may be present under the varying conditions of skiing. But I do not agree that the trial court's refusal to give the abstract Colorado "rule of the road" instruction denied to appellant her right to have her theory of the case presented to the jury.

In her complaint, appellant alleges that appellee "negligently collided with her." No specifics of negligence are alleged. Although the record indicates that pretrial proceedings were held it contains nothing to indicate appellant's participation in the proceedings. From the brief abstract of the evidence that is before us it seems apparent that appellant presented evidence of appellee's overall skiing conduct and the physical conditions present at the site. Emphasis was upon speed, control and the claimed proficiency of appellee as a skier. At the close of the case appellant submitted fourteen proposed instructions, not one of which indicated any theory for recovery except that the "plaintiff claims that the defendant Hight was negligent in his skiing." In fact, of the proposed instructions twelve were but variations of stock instructions, one is not now in

issue, and the remaining one was the subject requested instruction which is set forth in the main opinion. In regard to this instruction appellant's objection was simply to the court's failure to give it, without elaboration. The appellant presented her case in generalities and the court instructed accordingly. To have given the requested instruction as requested would have been meaningless. And the trial court had no duty to initiate appellant's theory and refine the instruction to fit the case simply from submission of an abstract statement of the law taken from cases involving the duty of motorists. Nor does this court have such a duty. The duty rests upon counsel to advise the trial court of his theory of the case and submit proposed instructions in accord so as to allow the trial court an opportunity to rule advisedly. This was never done. And even at the appellate level, appellant concedes that the requested instruction touches upon his theory of the case only "in part."

I would affirm.