No. 22147.

MICHAEL VIGIL, BY AND THROUGH HIS NEXT FRIEND AND
FATHER, PHILLIP VIGIL *v.* WILLIAM J. KINNEY AND
CARROLL M. FISHENCORD.
(441 P.2d 7)

Decided May 20, 1968.

ROBERT LELAND JOHNSON, for plaintiffs in error.

VICTOR E. DEMOUTH, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS action was brought by Michael Vigil, to whom we will refer as plaintiff, through his father as next friend, for injuries sustained by the boy in an auto-bicycle accident. It resulted in a jury verdict in favor of defendant, William J. Kinney.

▉ Plaintiff in this writ of error raises a number of questions pertaining to instructions given to the jury and cites error by the court in failing to give requested instructions. However, our reading of the record convinces us that, as a matter of law, defendant Kinney was not negligent. Consequently, the jury verdict being in defendant's favor, we need not discuss the points of error upon which plaintiff seeks a new trial, as it is immaterial whether they were correct or whether more instructions should have been given.

The record reveals that defendant did all that a reasonable person could do and did not fail to do anything that a reasonable person should have done in attempting to avoid the accident. He was on a through street, traveling at the allowable speed limit, when he was confronted by a bicycle being peddled by one Juan Gonzales, with the plaintiff riding on the crossbar. The bicycle came through the stop street, cut the corner in front of the defendant, and the collision occurred at a point 6 feet before defendant had reached the intersection. At the point of impact defendant was stopped. Apparently the trial court was of the view that because the left front of the defendant's car was 1 foot over the center line of the street upon which the defendant was traveling, it was evidence of defendant's negligence. However, the investigating police officer reported that from the skid marks it could be determined that defendant's car was

on its own side of the road when the brakes were applied. The car stopped slightly over the center line when the defendant pulled the car to the left in the belief that the bicycle driver was attempting to come down defendant's lane of travel.

■ It is a well-settled rule of law that where the driver of an automobile suddenly realizes that there is a danger of a collision from the negligence of another, he cannot be charged with negligence for an error of judgment when instantaneous action is required. *Ankeny v. Talbot*, 126 Colo. 313, 250 P.2d 1019; *Leonard v. Bauer*, 112 Colo. 247, 149 P.2d 376; *Lebsack v. Moore*, 65 Colo. 315, 177 P. 137.

■ Defendant by law is required to have his car under such control as to be able to stop his car and avoid a collision in the intersection. Defendant in this case stopped his car 6 feet short of the intersection, where, under ordinary circumstances, a collision would not occur with any one driving in the cross street.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.