Leighton N. GATES, Appellant,

v.

Goldie V. WILLFORD, Appellee.

No. 86–68.

United States Court of Appeals Tenth Circuit.

Feb. 18, 1969.

Paul S. Goldman, Denver, Colo., for appellant.

Richard C. McLean, of Sheldon, Nordmark & Bayer, Denver, Colo., for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This diversity suit was commenced by appellant, as plaintiff, to recover damages for personal injuries sustained in a collision between his motorcycle and an automobile driven by appellee-defendant Willford. After a jury trial a verdict was returned in favor of the defendant and this appeal followed.

At the outset a brief statement of the evidence will be helpful. At the time of the accident appellant Gates was traveling west on West Northern Avenue in Pueblo, Colorado. This street is 54 feet wide with a yellow line dividing the east and west traffic lanes. At the point of contact between the two vehicles the distance from the yellow traffic dividing line to the north curb was approximately 30 feet. Thus the westbound vehicle had a traffic way 30 feet in width. The weather was clear, the street was dry, flat and unobstructed and the traffic was not heavy.

At about the point of contact a shopping center was located on each side of the street. When the collision occurred the Willford vehicle was being driven by Mrs. Willford from the shopping center on the south side of the street, in a northerly direction across West Northern Avenue, to the shopping center on the north side of the street. The Gates motorcycle was being driven in a westerly direction on West Northern Avenue and struck the right side of the Willford car just ahead of the right front door. Gates was thrown against the car and fell to the pavement thereby sustaining the injuries he complains of here. Neither Mrs. Willford nor her husband, who was riding with her as a passenger, were injured. At the time of the impact the front wheels of the Willford car were just approaching the driveway into the shopping center on the north side of the street. The car was in a stopped position because when Mrs. Willford saw that it was going to be hit, she applied the brakes. In this position, the car extended out into West Northern Avenue about 18 feet, the full length of the car, leaving approximately 12 feet between the rear of the car and the yellow line dividing the east and west flow of traffic. Just prior to the collision Gates applied the brakes on his motorcycle leaving a skid mark 20 feet in length.

The trial judge submitted the issue of Gates' contributory negligence to the jury and appellant urges this as a trial error. Contributory negligence was raised as a defense by the Answer and was incorporated into the Pre-Trial Order. The evidence adduced in the case clearly justified the submission of the issue to the jury.[1] From the evidence, as we discuss it generally in this opinion, the jury would have been justified in finding that Gates failed to use due care in attempting to avoid the accident and that such negligence was either the proximate cause or a proximate cause of the collision.

At the close of all of the evidence appellant-plaintiff moved the court for a directed verdict on the issue of liability. After the adverse jury verdict he again filed a motion seeking to set aside the verdict and to obtain a new trial only on the issue of damages. All of these motions were denied and appellant points to the rulings as error.

To us the case is another run-of-the-mill personal injury suit and involves

1. "Each party to an action is entitled to have the jury instructed with reference to his theory of the case, where such theory is supported by competent evidence * * * and this although such theory may be controverted by evidence of the opposing party." Behr v. McCoy, 138 Colo. 137, 330 P.2d 535, 538 (1958) ; Dallison v. Sears, Roebuck and Co., 313 F.2d 343 (10th Cir. 1962).

only the application of well established law to the facts as disclosed by the record. Mrs. Willford testified that she commenced her journey from the shopping center on the south side of the street across West Northern Avenue in a northerly direction, a distance of 54 feet, only after she had stopped and observed that the only oncoming traffic in the north lane was the Gates vehicle; that after she started to make the crossing she observed the motorcycle pass through an intersection to the east, a distance of 392 feet. Appellee's husband corroborated this testimony. Appellant testified he had passed through the east intersection before Mrs. Willford started to cross the street. The jury may have chosen to believe the testimony of Mrs. Willford on this fact question. If this is true, the jury could have found appellee free from any negligence. On the other hand, if the jury first found appellee guilty of negligence, it was still confronted with the question of contributory negligence on the part of Gates. In this regard, from Gates' own testimony, he saw the Willford car from the time it started across the street and had a duty to drive his vehicle in a prudent manner and with reasonable care so as to avoid hitting the Willford car.[2] The jury may well have determined that he did not drive in a prudent manner and with reasonable care because he could have driven the motorcycle to the south portion of the westbound traffic lane and avoided hitting the car. We certainly cannot conclude from the record that Gates did all that a reasonably prudent man could have done to avoid the accident. It would have been error for the trial judge to have refused to submit the issue of contributory negligence to the jury or to have granted either of appellant's motions referred to above.[3]

■ Appellant cites the recent Colorado Supreme Court case of Vigil v. Kinney, 441 P.2d 7 (1968), for the proposition that where the driver of a vehicle suddenly realizes that there is danger of a collision because of the negligence of the driver of another vehicle, he cannot be charged with negligence if instantaneous action is required and he fails to pursue such course of action. This is a general rule and good law but we do not deem it applicable here under appellant's own testimony. He testified that he saw the Willford car stopped in the lane in front of him just after he passed a merging lane east of the point of contact.[4] The other evidence shows this would have been between 200 and 300 feet from the point of contact. Gates also testified that he was going between 20 and 25 miles per hour as he drove west on West Northern Avenue just prior to the collision. With these undisputed facts, as we have indicated, the jury could very well have concluded that a prudent driver would have avoided the collision by either stopping or turning to the left and passing the Willford car on the south portion of the westbound traffic lane. We cannot conclude from this evidence that Gates was confronted with a sudden emergency.

■ ■ Trial error is urged because of the failure to instruct on an ordinance

---

2. "[F]ailure to look and to see what reasonably could and should have been seen is negligence." Ninio v. Hight, 385 F.2d 350, 352 (10th Cir. 1967).

3. "A motion for directed verdict can only be granted where the evidence * * * compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been received or shown upon which a jury's verdict against the moving party could be

sustained." Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964, 965 (1961).

4. "[A]bout that time I was coming alongside of the merge lane to my right, so I looked back over my shoulder to make sure that there were no cars coming into me, and when I looked back in front of me, well, she was already out there in the lane and had already stopped, or appeared to be stopped; so, I put on my brakes and attempted to stop."

of the City of Pueblo.[5] The trial judge refused to instruct on this ordinance because he believed it to be inapplicable to the driver of a vehicle crossing the white and yellow lines from a right-angle. A reading of the ordinance reflects that the trial judge was correct.[6] Such ordinance clearly applies only to traffic flowing parallel to the white and yellow lines. As pointed out by appellee, the application of the ordinance to right-angle traffic is meaningless.

Affirmed.

5. The pertinent part of the ordinance is as follows:

"(2) *Pavement markings.*

"Both single white lines and double yellow lines may be crossed only when such movement can be made with reasonable safety and without interfering with other traffic, and in no case shall such lines be crossed where signs are posted prohibiting such movement. The driver shall keep to the right of these lines at all other times."

6. This court has long adhered to the rule that "the trial court's conclusion should be accepted upon appeal, where there is no compelling indication of a contrary local rule." Continental Casualty Co. v. Fireman's Fund Ins. Co., 403 F.2d 291, 336 (10th Cir. 1968). Even in the absence of such an approach, the interpretation of the trial court was patently justified.