554 P.2d 700 (1976)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF DELTA, Plaintiff-Appellee,
v.
William B. OGBURN and Mina J. Ogburn, Defendants-Appellants.
No. 75-778.
Colorado Court of Appeals, Div. I.
August 26, 1976.
*701 Nicholas E. Darrow, Delta, for plaintiff-appellee.
Cashen, Cheney, Johnston & Adamson, R. W. Johnston, Jr., Montrose, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a decree determining that certain portions of roads which pass through the property of defendants have become public highways through adverse use. We affirm the ruling that the roads have become public highways by prescription, but remand for modification of the decree to reflect the dimensions and extent of the easement.
The Board of County Commissioners commenced this action to enjoin defendants from maintaining locked gates across these roadways. The County relies on § 43-2-201(1)(c), C.R.S.1973, which provides that all roads over private lands that have been adversely used without objection or interruption for twenty consecutive years or more are public highways. The defendants contend, however, that by virtue of the permissive and sporadic character of use by the general public and an asserted affirmative defense of abandonment, the roads remained private, subject only to certain private easements. The court ruled that certain portions of the roads had become public highways by prescription, while other parts remained private.

I.
Defendants' initial contention is that the trial court erred in decreeing any portion of the roads to be public highways. They correctly argue that, in order to establish a public highway by means of adverse user, a road must have been adversely used in an uninterrupted fashion by the public under a claim of right for the applicable period of limitations with the actual or implied knowledge of the landowner across whose property the roadway runs. People ex rel. Mayer v. San Luis Valley Land & Cattle Co., 90 Colo. 23, 5 P.2d 873 (1931). They then contend that the evidence demonstrated that the public use here was neither adverse nor continuous, placing considerable emphasis on evidence of gates across the roadways during a portion of the prescriptive period. We do not agree with their contentions.
Here the trial court heard conflicting testimony, observed the exhibits, and actually viewed the roadway in question with the consent of the parties. The gates were properly considered as evidence pertaining to adverse use. However, their mere existence during the prescriptive period was not conclusive that the public's use was of a permissive nature or that it lacked the necessary continuity. See Lang v. Jones, Colo. 552 P.2d 497 (1976); Sprague v. Stead, 56 Colo. 538, 139 P. 544 (1914). See generally Annot., 52 A.L.R.3d 9 (1973).
Thus, although the nature of the public's use was a matter of considerable *702 dispute, there was sufficient evidence to support the trial court's findings that these roads became public highways by prescription. We will not disturb these factual determinations. Famularo v. Board of County Commissioners, 180 Colo. 333, 505 P.2d 958 (1973).

II.
Defendants next contend that the disposition of their defense of abandonment was erroneous and the findings insufficient. Again we disagree.
The issue of abandonment presented a question of fact which the trial court resolved upon competent evidence. We acknowledge that the written decree did not contain a specific finding that the public rights acquired by prescription had not been abandoned. However, the trial court's holding that certain portions of the roadway were presently public highways was tantamount to a finding that no abandonment had occurred, thus resolving the issue raised by defendants' affirmative defense. Gleason v. Phillips, 172 Colo. 66, 470 P.2d 46 (1970); Nemer v. Anderson, 151 Colo. 411, 378 P.2d 841 (1963). Moreover, at the hearing on defendants' motion for new trial, the court explained that it had previously found that no abandonment had occurred. This oral finding was sufficient compliance with C.R.C.P. 52. See Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700 (1968).

III.
Defendants' final allegation of error relates to the refusal of the trial court to specify the width and the location of the public highways acquired by prescription, and to the absence of language in the written decree limiting the nature of the public ways acquired to that of historic adverse usage. These contentions are well taken.
The trial court stated that it was not possible to incorporate in the decree a precise legal description of the road and its course through defendants' property, since the only testimony pertaining to the width of the road indicated that the width varied from place to place. This conclusion was confirmed by the court's own visual observations of the roadways. See Gyra v. Windler, 40 Colo. 366, 91 P. 36 (1907). However, it was necessary that the trial court set forth in its decree a definite and certain description of the prescriptive way so that there can be no possible doubt as to its location and width. See DeReus v. Peck, 114 Colo. 107, 162 P.2d 404 (1945). The failure to set forth the limits and direction of the now-public roadway invites future litigation. See Sprague v. Stead, supra. The trial court should therefore have required the introduction of further testimony in this respect, even to the extent of ordering that a survey be conducted prior to entering final judgment. See Shively v. Board of County Commissioners, 159 Colo. 353, 411 P.2d 782 (1966).
The court also erred in failing to specify in the decree the extent and width of the public easement acquired. Passageways by prescription, whether public or private, are confined to the extent of actual adverse usage. District of Columbia v. Robinson, 180 U.S. 92, 21 S.Ct. 283, 45 L.Ed. 440 (1901); Bishields v. Campbell, 200 Md. 622, 91 A.2d 922 (1952); Donahue v. Punxsutawney Borough, 298 Pa. 77, 148 A. 41 (1929); Baker v. Maggard, 255 S. W.2d 45 (Ky.1953); State v. Trask, 6 Vt. 355 (1835). The oral statement made by the trial court during the hearing on the motion for new trial, that the use of the road be limited to prior usage, was insufficient in that this language did not specifically detail the extent and width of the public easement acquired, even had such limitation appeared in the court's written decree. See DeReus v. Peck, supra.
Testimony established that the public usage was by farmers for hauling coal from now closed mines by means of horse drawn wagons and motor vehicles, and by hunters and others for access to public lands for hunting and other recreational purposes. Both the width of the roadway and the extent of permissible public use must be limited in the decree to that established *703 by the public use. Goerke v. Town of Manitou, 25 Colo.App. 482, 139 P. 1049 (1914). Cf. Westland Nursing Home, Inc. v. Benson, 33 Colo.App. 245, 517 P.2d 862 (1973). We do not accept the argument that this requirement will be unduly restrictive. It will make the contiguous land boundaries certain, at least for the immediate future. In the event that public usage of a more extensive nature later becomes desirable, condemnation proceedings can then be used to widen the roadways and the extent of permissible uses. See § 43-2-112, C.R.S.1973.
Therefore, that part of the judgment determining that a public road has been established by adverse use is affirmed. The remainder of the judgment is reversed and the cause remanded with directions for the taking of additional evidence pertaining to the width, the location, and the extent of the public usage in order that these matters be specifically determined and the decree modified accordingly. See Isenberg v. Woitchek, 144 Colo. 394, 356 P.2d 904 (1960). The cost of any surveys shall be borne by the County.
COYTE and RULAND, JJ., concur.