Wilson **LOVVORN** and Kerry Lovvorn, Plaintiffs-Appellees,

v.

George **SALISBURY** and Stan Jolley, Defendants-Appellants.

No. 83CA0061.

Colorado Court of Appeals, Div. II.

April 4, 1985.

Ratcliffe & Chamberlin, Thomas J. Chamberlin, Steamboat Springs, for plaintiffs-appellees.

Thomas C. Thornberry, Craig, for defendants-appellants.

SMITH, Judge.

This case arises out of a dispute over the use of a road commonly called Gold Blossom Road located in Routt County, Colorado, and which traverses property owned by the plaintiffs, Wilson and Kerry Lovvorn, and the adjoining property of defendant, George Salisbury. Plaintiffs sought to enjoin defendants, Salisbury and Stan Jolley, from using the road to trail their cattle and livestock across or upon plaintiff's property. Defendants asserted the affirmative defense of a prescriptive easement for livestock access across plaintiffs' property and counterclaimed seeking either an injunction against plaintiffs' use of the road or, alternatively, a declaration that the road constituted a private or public prescriptive easement for trailing livestock. Defendants appeal the trial court's dismissal of their counterclaim and the trial court decree which declared the Gold Blossom road to be a public road but which denied them the right to trail cattle thereon. We reverse in part.

In order to declare that this road had become a public road by prescriptive use, the trial court implicitly found that defendants established all of the necessary elements of continuous, open, notorious, and adverse use by the public, along a well defined path across plaintiffs' property for a period in excess of twenty years or more. *See* § 43–2–201, C.R.S. (1984 Repl.Vol. 17); *Shively v. Board of County Commission-*

*ers,* 159 Colo. 353, 411 P.2d 782 (1966); *Board of County Commissioners v. Ogburn,* 38 Colo.App. 212, 554 P.2d 700 (1976).

The court expressly found, however, that neither Salisbury nor Jolley had established, by tacking or otherwise, open, notorious, continuous, adverse use for trailing livestock along the road over plaintiffs' property, and therefore, that neither had acquired a private prescriptive easement over the road. Thus, the court held that both defendants were precluded from trailing livestock across plaintiffs' property and especially along the road. Based on *Board of County Commissioners v. Ogburn, supra,* the court determined that the road would be limited to vehicular uses only.

The dispositive issue presented by this appeal is whether the trial court, having determined that the road was public, could thereafter limit the uses applicable to that road.

In *Ogburn,* this court affirmed the trial court's ruling that the roads in question had become public highways through adverse use, but it remanded for modification of the decree to reflect the dimensions and "extent of the public usage" of the easement. This court stated in *Ogburn:*

> "Testimony established that the public usage was by farmers for hauling coal from now closed mines by means of horse drawn wagons and motor vehicles, and by hunters and others for access to public lands for hunting and other recreational purposes. Both the width of the roadway and the extent of permissible public use must be limited in the decree to that established by the public use.... In the event that public usage of a more extensive nature later becomes desireable, condemnation proceedings can be used to widen the roadways and the extent of permissible uses. See § 43–2–112, C.R.S. (1973)."

■ We agree with this language in *Ogburn,* insofar as it requires the court to define the width and location of a public road established by prescriptive use. We likewise agree that if the width is to be expanded or the location changed, acquisition of additional land must be established by eminent domain or otherwise.

■ We reject, and decline to follow, however, that language in *Ogburn* which seems to indicate that the only uses permitted on a public road will be those with a historical basis *if* the road has been originally acquired by the public through prescriptive use. While private easements, acquired by prescription, can, and have been so limited, *see Wright v. Horse Creek Ranches,* 697 P.2d 384 (Colo.1985), the imposition of such restrictions on public roads or portions of public roads would defeat the very concept of a public road system. The ultimate distinction between a public road and a private easement, however acquired, is that the private easement can be, and is, limited to specific individuals and/or specific uses while a public road is open to all members of the public for *any* uses consistent with the dimensions, type of surface, and location of the roadway. There is no logical way to advise the members of the public as to which portions of the public roads they travel are subject to specific historic uses, much less to enforce the use of the roads for only those limited purposes. Thus, we conclude that once a road has been declared to be public, all uses that are permissible to the public under the laws of this state are permissible uses.

■ Section 35–46–105, C.R.S. (1984 Repl.Vol. 14) establishes penalties for livestock owners who permit their livestock to run at large on roads and in municipalities, but it provides that: "Nothing in this section shall be applicable to livestock having a person in charge when such livestock are being driven on or through such ... public highways...." Thus, it is not unlawful to trail livestock on public highways if the livestock are under sufficient supervision.

■ Hence, since the trial court declared the road to be public, we hold that it cannot limit the uses generally permissible by state law on such road.

The judgment is affirmed insofar as it declared the road in question to be a public

road; it is reversed insofar as it prohibited the use of that road for the purpose of trailing livestock.

BERMAN and VAN CISE, JJ., concur.