Gari M. HORTON, a natural guardian and next friend of Angelita Horton, a minor, Plaintiff-Appellant,

v.

Laverne L. MONDRAGON, and Leo F. Mondragon, Defendants-Appellees.

No. 83CA0737.

Colorado Court of Appeals, Div. III.

Rehearing Denied Jan. 31, 1984.

Certiorari Denied Sept. 23, 1985.

made a complete stop in the street in front of her house, and motioned some children to get out of the way. She then made a right turn into the driveway at an estimated speed of two miles per hour.

As she made the turn, Laverne saw Michael Horton, Angelita's three-year-old brother. He had moved to the right front of her automobile in order to get out of its way. Laverne testified that, after making the turn, she felt a bump, and she noticed that Michael's "eyes got big." Michael started to shake and the expression on his face made Laverne stop immediately, put the car in park, and turned the motor off. She found Angelita under the right front wheel of the car, very seriously injured, and later told the investigating police officer, "I didn't see the baby."

Woods and Hyman, Jeffrey A. Hyman, Robert J. Truhlar, Denver, for plaintiff-appellant.

Hall and Evans, Arthur R. Karstaedt III, Richard A. Hanneman, Denver, for defendants-appellees.

METZGER, Judge.

In this negligence action plaintiff, Gari M. Horton, natural guardian of minor Angelita Horton, appeals the trial court's judgment entered on a jury verdict in favor of defendants, Laverne and Leo Mondragon. Plaintiff contends that the trial court erred 1) in failing to grant a directed verdict for plaintiff on the issue of liability, and 2) in refusing to give his tendered "look but not see" instruction. We reverse and remand for a new trial.

On October 10, 1981, 23-month-old Angelita Horton, dressed in red, was playing on the sidewalk in the middle of the driveways next to her paternal grandparents' home. The Mondragon home was next door to the Horton residence, the driveways for each were side-by-side, and the sidewalk ran across the front of each driveway.

At approximately 6:00 p.m. eighteen-year-old Laverne Mondragon, driving the family automobile, a 1976 Chrysler Cordova, with her father's permission, approached the driveways. She noticed several children playing soccer in the area near her driveway. She slowed down,

I.

Contrary to plaintiff's first contention that the court should have directed a verdict in his favor on the issue of liability, the evidence presented raised disputed issues of fact whether Laverne Mondragon was negligent. Accordingly, the trial court's refusal to grant a directed verdict on the issue of liability was correct. *Kielsmier v. Foster*, 669 P.2d 630 (Colo.App. 1983).

II.

Plaintiff also contends that the trial court erred in failing to give his tendered instruction on liability for failure to see that which is plainly visible, since it concerned one of the principal issues and constituted a significant part of plaintiff's theory of the case. We agree.

Included in the 26 instructions given to the jury were instructions on pedestrian right-of-way and on Laverne Mondragon's duty to maintain a lookout, identical to that in *CJI-Civ. 2d* 11:1 (1980), which provides:

"A driver must maintain a proper lookout to see what he could and should have seen in the exercise of reasonable care."

However, the trial court, stating that the given instructions contained all the law applicable to the case, refused plaintiff's tendered instruction which stated:

"To look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all." *See CJI-Civ. 2d* 9:13 (1980).

The failure to give a requested instruction which is legally correct and clearly applicable to a material question of fact in controversy, either in the language requested or substantially so, may constitute reversible error. *McGraw v. Kerr*, 23 Colo.App. 163, 128 P. 870 (1912). As stated in *Behr v. McCoy*, 138 Colo. 137, 330 P.2d 535 (1958):

"Each party to an action is entitled to have the jury instructed with reference to his theory of the case, where such theory is supported by competent evidence and the instruction is properly requested, and this although such theory may be controverted by evidence of the opposing party."

Plaintiff's theory was that Laverne looked at the driveway but failed to see Angelita there. The record contains evidence to support that theory. Laverne testified that she looked at the sidewalk and driveway before beginning her turn, had a clear and unobstructed view of both, and did not see Angelita. The investigating police officer testified that he had been told by some of the children at the scene that Angelita was sitting on the sidewalk in the middle of the driveway at the time of the accident. Angelita's face showed tire tread marks, and her body was found on the sidewalk, in the middle of the driveway. Angelita's brother, Gari Jr., testified that, prior to seeing Laverne wave the children away, he had seen Angelita on the sidewalk in the middle of the Mondragon driveway. Therefore, the failure to give a "look but not see" instruction was prejudicial and constituted reversible error.

Defendant contends that the inclusion of the "proper lookout" instruction, identical to *CJI-Civ. 2d* 11:1 (1980) obviated any need to give the proffered "look but not see" instruction. We disagree.

The former instruction states that a driver must maintain a proper lookout when operating an automobile. The latter instruction, however, defines in appropriate factual situations, what a proper lookout should be. It should be used "when the alleged negligence involved the failure to see something which was plainly visible, and the allegedly negligent actor claimed he did not see it." *Zavorka v. Union Pacific R.R. Co.*, 690 P.2d 1285 (Colo.App. 1984). In *CJI-Civ. 2d*, the "notes on use" for these instructions are cross-referenced, and state that the giving of one does not necessarily preclude use of the other.

Here, the crucial issue was whether Laverne Mondragon maintained a proper lookout. Since she admitted that she looked at the driveway and sidewalk but did not see Angelita before the accident, the "look but not see" instruction was needed to apprise the jury of the definition of a proper lookout.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and BABCOCK, JJ., concur.