**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

INTERMOUNTAIN RESOURCES,
L.L.C., a Colorado Limited Liability
Company; INTERMOUNTAIN
RANCHES, L.L.C., a Colorado
Limited Liability Company;
NORMAN A. CARPENTER,

      Plaintiffs-Appellants,

v.

KATHERINE M. HONEA;
GARFIELD COUNTY, BOARD OF
COUNTY COMMISSIONERS; USDA
FOREST SERVICE, an agency of the
United States of America,

      Defendants-Appellees.

No. 01-1482
(D.C. No. 00-PC-1243)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In the district court, plaintiffs obtained a declaratory judgment that an easement grant across land owned by defendant Katherine M. Honea is a public road which may be used for all lawful public purposes, including plaintiffs' intended use for transporting logging machinery and harvested logs. [1] They now appeal from the denial of their motion for attorney's fees incurred in seeking the judicial declaration. [2] We affirm.

## BACKGROUND

Ms. Honea purchased land known as Beaver Creek Ranch in 1998 with knowledge of an easement grant executed in 1976 by Tom VonDette, a former owner of the property. The easement grant conveyed to Colorado Division of Wildlife (CDOW) a thirty-foot right-of-way across the ranch for a "perpetual

---

[1] This order and judgment refers to Intermountain Resources, L.L.C., Intermountain Ranches, L.L.C., and Norman Carpenter collectively as "plaintiffs."

[2] After the expiration of the filing period, Ms. Honea filed a notice of appeal, attempting to appeal the adverse judgment. Because a timely notice of appeal is both mandatory and jurisdictional, a panel of this court dismissed the cross-appeal (No. 01-1511) on April 5, 2002. In the same order, the panel ordered the parties to proceed with briefing in the instant case.

public road." Appellant's App. at 116. The grant also provided that "[e]ither party may enforce this instrument by appropriate action and should he prevail in such litigation, he shall recover as part of his costs a reasonable attorney's fee." *Id.* CDOW recorded the easement grant, then conveyed it to the United States Forest Service. The agreement between CDOW and the Forest Service omitted the attorney's fee provision and required the Forest Service to construct and maintain a road upon the easement premises. Following the Forest Service's construction of the road, which became known as the VonDette Road, hunters, fishermen, wildlife viewers, skiers, and snowmobilers used the road for vehicular access to Forest Service lands. The VonDette Road was also used by trucks pulling horse trailers and a one-ton farm truck.

In 1997, the Forest Service granted plaintiffs a permit to harvest timber on a neighboring property, designating the VonDette Road as part of the route for transporting logging machinery, trucks, and harvested timber. Defendant Garfield County Board of County Commissioners approved a special use permit to harvest the timber, but conditioned issuance of the permit on plaintiffs' obtaining a judicial decree that the VonDette Road is a legal right-of-way for the proposed use.

Ms. Honea objected to the use of the easement over her property, asserting that the terms of the easement grant did not authorize commercial vehicle travel

for private purposes. Plaintiffs filed suit; Ms. Honea filed a counterclaim for trespass. A magistrate judge held a bench trial,[3] then issued a thorough and thoughtful memorandum opinion and order holding that the easement grant and subsequent events resulted in a common-law dedication of the VonDette Road as a public road which may be used for all lawful public purposes. Further, the court denied Ms. Honea's counterclaim for trespass.

The court, however, declined to grant plaintiffs' request for attorney's fees. Applying Colorado law, it rejected plaintiffs' argument that, as third-party beneficiaries, they were entitled to enforce the attorney's fee provision of the easement grant. Because the express language of the easement grant did not provide for an attorney's fee award to members of the public seeking to enforce the grant, plaintiffs were not entitled to their attorney's fees. *See Parker v. Ctr. for Creative Leadership*, 15 P.3d 297, 299 (Colo. Ct. App. 2000) (holding that a third-party beneficiary was bound by the arbitration clause of a contract, but was not obligated under an attorney's fee provision applying to "*any party*" filing a judicial action).

Further, the court determined that Ms. Honea's case was supported by credible evidence at trial and was rational under Colorado law. *See Bd. of County*

---

[3] The parties consented to a magistrate judge's determination of the case under 28 U.S.C. § 636(c)(1).

*Comm'rs v. Ogburn*, 554 P.2d 700, 702-03 (Colo. Ct. App. 1976) (limiting a prescriptive public easement to extent of prior public usage). As a result, defendants were not entitled to an award of fees against Ms. Honea under Colo. Rev. Stat. § 13-17-102, which provides for assessment of fees against a party in a civil action whose claims or defenses lack substantial justification. As to the Garfield County Board of County Commissioners, the court concluded that Garfield County had not taken any position in the case and, therefore, section 13-17-102 provided no basis for an assessment of fees against it. This appeal followed.

**DISCUSSION**

The issues on appeal relate solely to whether the magistrate judge erred in failing to award reasonable attorney's fees to plaintiffs. "This court reviews a district court's refusal to grant attorney's fees for abuse of discretion. Underlying factual findings are reviewed for clear error; legal conclusions are reviewed *de novo*." *Bravos v. EPA*, 324 F.3d 1166, 1171 (10th Cir. 2003) (quotation omitted). "[A] district court, sitting in diversity, must apply the substantive law of the state in which it sits . . . in resolving an attorney's fee issue in a contract suit." *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency,* 123 F.3d 1351,1352 (10th Cir. 1997).

-5-

We have fully considered plaintiffs' arguments and reviewed the record supplied by the parties. We discern no error and no abuse of discretion in the magistrate judge's analysis of the attorney's fee issues. Therefore, for substantially the same reasons as the magistrate judge stated in the order dated August 30, 2001, we AFFIRM the judgment of the district court.

Entered for the Court

Stephen H. Anderson
Circuit Judge