[No. 6063.]

BOOTHROYD v. THE BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY.

1.  Injunction—Adequacy of Remedy at Law—Public Highways —Opening.

A board of county commissioners having conducted proceedings to establish a road in strict compliance with Mills' Ann. Stats., §§ 3931-3943, and having paid the compensation awarded by the viewers, is entitled to enjoin a landowner from interfering with opening the road, and the remedy at law furnished under Mills' Ann. Stats., §§ 1720, 3945, is inapplicable, as that refers to condemnation of a right-of-way in the absence of a petition.—P. 433.

2.   Public Highways—Establishment—Petition—Sufficiency.

A freeholders' petition to establish a road is not insufficient as to a particular landowner, on the theory that the line of the road included part of an old road, thereby making two roads and not showing that 10 freeholders signing the petition resided within two miles of the road crossing such owner's land, where the record does not disclose the length of the old highway included within the proposed road.—P. 434.

3.   Same—Amendment of Viewers' Report—Effect.

The fact that, after a board of county commissioners had acted upon the viewers' report in a proceeding to establish a road, the viewers were allowed to amend the report by adding an award to one whose name through mistake was omitted from the original report, does not invalidate the report, nor afford another landowner ground to object.—P. 434.

4.   Tender—Objection to Form—Waiver.

Where a tender is refused solely for insufficiency of amount, objection to the form is thereby waived.—P. 435.

5.   Public Highways — Establishment — Nature of Proceedings— Payment of Award.

Proceedings under the statute for the establishment of public highways, so far as they relate to the acquisition of a right-of-way for the proposed highway, are in the nature of proceedings under the eminent domain act, and the principles relating to the payment of the award which control in the latter proceedings should control the former.—P. 435.

6.   Eminent Domain—Rights Acquired—Tender of Compensation.

A tender having been made to a landowner of the award made him in a proceeding to establish a public highway, and the form having been unobjected to, the county commissioners are authorized, through their agents, to enter upon the owner's premises to open the road.—P. 437.

7.   Appellate Practice—Waiver of Assigned Errors—Failure to Argue.

Errors assigned, but not argued, will be treated as abandoned.—P. 437.

*Appeal from the District Court of Larimer County. Hon. Christian A. Bennett, Judge.*

Action by the board of county commissioners of the county of Larimer against Phillip H. Boothroyd. From a decree for plaintiff, defendant appeals.

*Affirmed.*

Messrs. Annis & Stow, for appellant.

Messrs. Leftwich & Crose, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This is an action to enjoin appellant (defendant below) from in any manner interfering with appellee and its agents in opening and constructing a public highway across appellant's land.

The complaint alleges proceedings of the board of county commissioners, in full and strict compliance with the requirements of the statutes (Mills' Ann. Stats., §§ 3931 to 3943) relating to the establishment of public highways, the payment of the compensation awarded by the viewers, and an order of the board to the road overseer of the road district in which the road was located, to proceed with the work of opening and constructing the same, and then proceeds:

"The overseer of said road district was proceeding to open and work said road, and had arrived at the line of the defendant's said land which was crossed thereby, when the defendant appeared, and, with a force armed with deadly weapons, by intimidation and threats to take the life of any person who attempted to enter upon his said land for the purpose of opening or working said road, and thereby putting the said road overseer in fear of the loss of his life, prevented him from further prosecuting his said work, or from opening and working said road, and continues and still does threaten like acts of violence in case there is any further attempt to enter upon his premises for the purpose of carrying out the order of the said board of county commissioners to the said road overseer."

The answer admits the proceedings of the board,

denies that defendant had any notice of the meeting of the viewers or any knowledge of the award made to him until long after the time allowed for an appeal, denies that he has been paid the compensation provided for in the report of the viewers or any compensation whatever, and "avers that the said defendant refused to accept the compensation awarded by the said viewers, for that the same was wholly and absolutely inadequate and insufficient; admits that the defendant was armed and informed the road overseer that he would resist any attempt to enter upon his land for the purpose of opening or working said road, and further admits that he will continue to resist, by force, if necessary, any future attempts to enter upon his land for the purpose of either opening or working said road, unless restrained by an order of this court or an order of any competent court having jurisdiction in the premises."

A second defense denies the jurisdiction of the court upon the ground that it appears from the complaint and the statutes that the plaintiff had a full and adequate remedy at law.

A trial to the court without a jury resulted in findings in favor of the plaintiff upon all issues presented by the pleadings, and a decree granting the injunction prayed for.

Appellant objected to the introduction of any evidence, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and, in support of the assignment of error based upon the action of the court in overruling his objection, relies upon the familiar maxim, that equitable relief will not be granted where there is a plain, speedy and adequate remedy at law.

The argument is that the plain, speedy and adequate remedy at law which was open to appellee is

found in. Mills' Ann. Stats., § 3945, the concluding paragraph of which is:

"The board of county commissioners of any county may, and they are hereby authorized, to take and condemn, or cause to be condemned, the lands of private persons under and according to said eminent domain. act in the first instance, without view or other proceeding under this act."

And in that portion of subdivision 5, of Mills' Ann. Stats., § 1720, which reads as follows:

"And at any stage of such new proceedings, or of any proceedings under this act, the court or judge may by rule in that behalf made, authorize the said petitioner, if already in possession, and if not in possession to take possession of and use said premises during the pendency and until the final conclusion of such proceedings, and may stay all actions and proceedings against such petitioner on account thereof. *Provided,* such petitioner shall pay a sufficient sum into court, or to the clerk thereof, to pay the compensation in that behalf when ascertained. *Provided, further*; that the judge of the court before or wherein any such proceedings are had shall determine the amount such petitioner shall be required to pay or deposit pending any such ascertainment; and in every case where possession shall be so authorized, it shall be lawful for the owner to conduct the proceedings to a conclusion, if the same shall be delayed by the petitioner."

The portion of the statute last above quoted is found in the eminent domain act.

For the purpose of discussing *this error only,* counsel for appellant admit that the board observed all the requirements of the statute respecting the opening of the public highway across the land of appellant. This admission concedes the authority of the board to order the road to be opened for travel

as provided by Mills' Ann. Stats., § 3942.  Under this conceded authority the road overseer was proceeding to execute the order of the board when he was met by appellant, shotgun in hand, and prevented from executing the order of the board.  This act upon the part of appellant, and his avowed intention to resist, by force if necessary, any future attempts to execute the order of the board, constitutes appellee's cause of action as set forth in the complaint.  The provisions of the statutes above quoted, upon which counsel rely in support of their contention, are entirely inapplicable; they have reference to proceedings condemning a right of way for a public highway in the absence of a petition of freeholders, in cases where the board may determine that the necessity for a public highway exists.  This proceeding was not of that character, but was based upon a petition of freeholders, and, according to the concession of plaintiff, all proceedings of the board were regular and valid.

If the contention of appellant is right, it amounts to this:  That the board, having proceeded regularly to acquire a right of way across the land of one who happens to be along the line of a proposed highway, such person may resist by force the attempt of the board to exercise the power conferred upon it by statute and thereby compel the board to abandon all of its proceedings in that behalf and resort to an entirely different proceeding under a different statute.  The ultimate result of such conclusion would mean that any person who might imagine his rights were being infringed could, by the use of a shotgun, abrogate the statutes of this state.  This court is not prepared to announce a doctrine which will lead to any such results.

The authorities cited by counsel for appellant in support of this contention are not in point, and it

is unnecessary to review them. The court committed no error in overruling the objection to the admission of any evidence under the complaint.

Appellant objected to the admission in evidence of the petition presented to the board, upon the ground that the evidence failed to show that the petition was signed by ten freeholders resident within two miles of the proposed highway. It is said that the line of the proposed highway included a portion of an old road, and that thereby the proposed highway was divided into two sections, or two roads, and that the evidence failed to show that ten freeholders resided within two miles of the section of the road which crossed appellant's land. We are unadvised by anything found in the record as to the length of the old highway included within the line of the proposed road. It may be a few feet, or miles in length. No authorities are cited by counsel in support of this contention.

"The highway may, it seems, be established so as to run in part upon a road already existing. In Pennsylvania it is stated that while, as a general rule, one road cannot be located on another regularly laid out and opened, it may be laid on another so far as it may be necessary to reach a particular terminus."—15 Am. & Eng. Enc. Law 357, and cases cited.

There is no merit in this contention.

The introduction of the report of the viewers was objected to for the reason that it appears that after the board had acted upon the report, the viewers were allowed to amend the same by adding an award of compensation to a party whose name, through inadvertence or mistake, had been omitted from the original report. This amendment in no way affected appellant's rights, did not invalidate the report of the viewers, and hence raised no juris-

dictional question of which appellant can take advantage.

It is contended that no payment of the compensation awarded to appellant by the viewers has been made, and that, ·therefore, the judgment should be reversed.

Mills' Ann. Stats., § 3942, in part is as follows:

"The board of county commissioners having considered the report of any road view, and the com-·pensation to which any person or persons damaged having been ascertained and paid to the owner or owners or into court for him or them, may order the road to be opened for travel."

The facts are:

March 3, 1905, the county clerk mailed to appellant the county treasurer's bank check for $194.80, which appellant received March 20, 1905, and on that date returned the same to the county clerk with this letter:

"I return check 322, as I have no bill of recent date against the county, and refuse to accept it as payment for supposed right of way."

Appellant's answer avers that he refused to accept the compensation awarded, "for that the same was wholly and absolutely inadequate and insufficient."

No objection to the medium of tender having been made, it having been refused for the sole reason that it was insufficient in amount, all objection to the form in which the tender was made was thereby waived.—*Larsen v. Breene,* 12 Colo. 480.

Proceedings under the statute for the establish-.ment of public highways, so far as they relate to the acquisition of a right of way for the proposed highway, are in the nature of proceedings under the eminent domain act, and the principles relating to ·

the payment of the award which control in the latter proceedings should control the former.

"A tender in due form of the compensation awarded to the owner is generally sufficient, and will secure all the rights and benefits that would result from actual payment."—10 Am. & Eng. Enc. Law 1138.

"It is not necessary under the general railroad law that actual payment of compensation precede appropriation. After the amount be assessed, a tender to the owner and refusal by him will be regarded as equivalent to payment."—*Jefferson v. New York R. Co.*, 12 N. J. L. J. 175.

In an action of trespass in which the defendant justified its appropriation of the plaintiff's property by setting up a condemnation and award, by virtue of and in compliance with section 13, chapter 1, Minnesota Laws of 1857, when a due tender of the amount awarded was made, the court instructed the jury as follows:

"If you find from the testimony in the case that the plaintiff was, immediately after the filing of the award, notified of the fact, and of the amount of the award to him, and that, after said notice, and before the defendant entered on said premises, the defendant, by its agent or otherwise, offered to pay him (the plaintiff) the amount of the award, and had the means and money then and there to pay him, and he refused to accept the same, it released the defendant from any further obligation, except to keep the money so offered in readiness to be paid, at any time thereafter, on demand."

The above instruction was held to be correct.— *Scott v. St. Paul, etc., Ry. Co.*, 21 Minn. 322.

In condemnation proceedings by a railroad company the court, on confirming the report of the commissioners, ordered plaintiff to deposit the compen-

sation awarded immediately with the clerk of the court, to the credit and on account of the defendant. The clerk tendered the money to the defendant's attorney, who refused to receive it. The court considered the company justified in entering upon and taking possession of the land condemned.—*Evans v. Haefner*, 29 Mo. 141.

Under the above authorities, a tender having been made, the form and medium of which was unobjected to, the board was authorized by and through its agents to enter upon the premises of appellant.

Numerous other errors are assigned, but are not argued by counsel, for which reason they will be treated as abandoned. There being no error apparent upon the record, the judgment of the court below will be affirmed.                                *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.