## No. 12,597.

PEOPLE EX REL. MAYER ET AL. *v.* SAN LUIS VALLEY LAND
AND CATTLE COMPANY.

(5 P. [2d] 873)

Decided November 23, 1931.

Mr. JAMES P. VEERKAMP, Mr. B. A. ROLOSON, for plaintiffs in error.

Mr. JOHN I. PALMER, Mr. ROBERT R. TARBELL, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as plaintiffs and defendant.

Defendant owns a tract of land in Saguache county over which is a road crossed at different places by its fences. At the points of intersection gates are installed. After having been long left unlocked, so that persons desiring to travel the road could open them and pass through, defendant has locked these gates thus obliging those using the road from one direction to go a considerable distance out of their way. Plaintiffs, alleging that the road in question is a public highway and that the locked gates are a nuisance, brought this action to abate that nuisance and enjoin its future maintenance. Defendant answered that the road was no public highway, that all the property in question was privately owned by it, and that it was acting within its rights. The case was tried to the court without a jury and to review a judgment in favor of defendant, plaintiffs prosecute this writ.

The trial court found, among other things, that the road in question was first used about 1880 and had been continuously used since; that at various times the county authorities had expended money and labor on it; that the owners of the tract first installed some of the gates in 1899 and had installed others since as fences were constructed across it; that the road had been used for general purposes by many people living along it; that its use by the public was always subject to obstructions and limitations made by the owners of the land; that during no period of twenty years had such obstructions and limitations been absent; and that none of the gates were locked prior to 1927. These findings are amply supported by the evidence.

Plaintiffs contend their allegation of a public road is supported by: (1) Laws 1883, p. 251, §1 (G. S. 1883, p. 868, §2953); (2) "Users and prescription."

█ 1. Said Act of 1883 reads as follows: "All roads and highways, except private roads heretofore established in pursuance of any law of this State or the Territory of Colorado, and roads dedicated to public use, that have not been vacated or abandoned and such other roads as are now recognized and maintained by the corporate authorities of any county in this State, are hereby declared to be public highways." This act was amended in 1891, in 1893, and again in 1921. See L. 1891, p. 302, §1; L. 1893, p. 435, §1 (R. S. 1908, p. 1364, §5787); L. 1921, p. 380, §1 (C. L. 1921, p. 492, §1243).

If we read this act as punctuated, the road in question is excluded because the most that could be said for it would be that since it had never been dedicated, and was not then a road "recognized and maintained by the corporate authorities of any county," it is expressly excepted from operation of the act. If we insert a comma after the words "private roads" in the first line of the section which is probably the correct interpretation, it is still excluded because in 1883 it could have been nothing more than a private road and as such is expressly exempted from the operation of the act. If it be contended that even at the time of the passage of the statute, conditions were such as to bring it within the classification "such other roads as are now recognized and maintained by the corporate authorities of any county," that contention has been answered by this court: "Certainly it cannot be held that every road which at the date of the passage of the act was recognized and maintained by the public authorities in any manner,—as by user or the making of slight repairs,—became, by force of the statute, *eo instanti,* a public highway, irrespective of any statutory or common law dedication and without reference to the period of user, or the duration or extent of such recognition or maintenance. Private property is not thus subject to unrestricted legislative disposal." *Starr v. People,* 17 Colo. 458, 464, 30 Pac. 64.

█ 2. A highway may exist by prescription. "To

establish a highway by prescription the land in question must have been used by the public with the actual or implied knowledge of the landowner, adversely under claim or color of right, and not merely by the owner's permission, and continuously and uninterruptedly, for the period required to bar an action for the recovery of possession of land or otherwise prescribed by statute.'' 37 Cyc., p. 21, §2.

This general rule was affirmed in this jurisdiction in 1891, when the road here in question could not have been in use for a period exceeding eleven years. ''The following are hereby declared to be public highways: * * *

''Third—All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years.'' L. 1891, p. 302, §1. Construing this section in 1905, we said: ''Mere proof of the use of land of this character, for a long period of time, by individuals, or even by the public generally, for the purpose of travel, without objection from the owner and without evidence from which an intent to dedicate might be inferred, is not sufficient to give a route so taken, the character of a public highway.'' *Lieber v. People,* 33 Colo. 493, 498, 81 Pac. 270.

But the use here shown was not simply ''without objection from the owner,'' it was accompanied by the constructive declaration that the use was merely permissive. ''Hence if the landowner obstructs free travel by means of gates or fences, it ordinarily prevents the public from acquiring a highway by prescription.'' 37 Cyc., p. 25. Moreover, ''The user, necessary to give a road the character of a public highway, under the last-cited statute (Act of 1891), must have been adverse, that is, under a claim of right; * * * the use must have been more than mere permissive use.'' *Lieber v. People, supra,* p. 499.

■ The meaning of the term ''adverse,'' as above used, is not open to doubt. It ''must be actual, visible, exclusive, hostile, and continued during the time neces-

sary to create a bar under the statute of limitations.'' 2 C. J., p. 50, §1.

For the foregoing reasons the judgment is affirmed.