No. 13,560.

Leach et al. *v.* Manhart et al.

(43 P. [2d] 959)

Decided March 25, 1935. Rehearing denied April 15, 1935.

Mr. Clarence F. Leach, pro se. Mr. J. M. Taylor, for plaintiff in error board of commissioners.

Mr. Neil Horan, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

SUIT to enjoin defendant from using a certain roadway through plaintiffs' lands. By leave of court the board of county commissioners of Douglas county intervened. After the intervener's petition was at issue, but before trial, the court of its own motion revoked the order granting the right to intervene; and on trial awarded its writ of injunction against defendant. The intervener and defendant severally assign error.

Plaintiffs allege that they are the owners and in possession of certain lands, through which they maintain, and keep closed by gates, a private road; that their road connects with the Perry Park public road, and at the juncture of the two roads they have a sign, reading, ''No Trespassing;'' that as a courtesy they have permitted various neighbors, including defendant, to use the road; that concluding not to allow the further use thereof by defendant or others, and giving notice to defendant, and the public, they locked the gates through which defendant and others were accustomed to pass; that defendant ignores said notice, cuts or breaks the locks on the gates and persists in using the road, passing through and over plaintiffs' properties at pleasure, thereby depriving them of the peaceful enjoyment thereof.

Defendant admits plaintiff's ownership and occupancy of the lands referred to in the complaint, but denies that the road mentioned by plaintiffs is private or that it was constructed by them or previous owners or occupants of the land. Admits the presence of a sign at the juncture of the said road and the Perry Park road, but says that instead of reading ''No Trespassing,'' as plaintiffs allege, it reads ''No Trespassing Hunting or Fishing Under Penalty of Law, Owner.'' Denies generally plaintiffs' allegations in relation to the establishment of the road, and alleges that the road had been established many years before the granting of title to the lands through which it passes. Admits going through the locked gates,

but alleges that by right and through necessity he made use of the said road. Denies other allegations.

Defendant alleges affirmatively: (1) That he is the owner of certain lands on which he has resided more than twenty years during which time he, and the public generally, openly, notoriously, adversely, and as a matter of right, continuously, without interruption, and with knowledge of the owners of the land through which it passes, used the said road, and that only by said road could his property be reached; (2) that the road follows the general course of Garber Creek, and was used by the public for more than twenty years prior to plaintiffs' act in attempting to close it; (3) that it was an established highway when the lands over which it passes was part of the public domain, and its use has been continuous since its establishment, and has never been vacated in any manner provided by law; (4) that certain of said road has been in continuous use by the public for more than twenty years, and the remaining portion thereof from time immemorial. Other like defenses, calculated to show long establishment and use of the road by defendant and the public, were interposed. Also, that the board of county commissioners of Douglas county had long recognized the said road as a public highway, and had contributed materials to the improvement thereof and done work thereon.

The board of county commissioners, intervener, alleges; That the suit involves the right of defendant and the public generally to use two roads, together serving the same general community, the road described in the complaint being obstructed by plaintiffs, and the other by other parties, made defendants by the petition; that said roads are public roads and had been since 1866, a date when the lands involved were of the public domain, created and established by virtue of acts of Congress, and were used and occupied by the public as public roads since that early year, and generally to the effect of defendant's answer. The intervener prayed that plaintiffs and those which it had made defendants be enjoined from obstructing the

roads. Plaintiffs deny the petition of intervention, and allege that the intervener's purpose was to serve defendant and others interested in using the road. Intervener denies the affirmative matter.

■■ We think the court erred in dismissing the intervener out of the case. It was the intervener's theory, not less than defendant's, that the road which plaintiffs would close, and defendant and intervener have remain open, is public. It devolves upon boards of county commissioners, and power to that end is granted by statute, to establish, maintain and keep public roads open for travel. C. L. '21, §§1243, 1244, 1401, 8682. Interference with the use of a public highway may be enjoined in a proceeding by a board of county commissioners. *Boothroyd v. Board of County Commissioners,* 43 Colo. 428, 97 Pac. 255. Intervener's petition alleged that the highway in question is public, and that plaintiffs, and others made parties defendant by the petition in intervention, were obstructing the use thereof. Clearly, as we perceive, the county's interest was such that it had the right to have judicial determination as to the character of the road, and if found to be public, to have injunctive relief against those who would interfere with consistent use thereof. What would be proper to have determined in an independent suit by the county, in the circumstances here could quite as well, we think, be presented for determination by petition in intervention. Code, C. L. '21, §22. It follows that the intervener was entitled to a trial in the suit in which it had filed intervention. *Cache la Poudre I. Co. v. Hawley,* 43 Colo. 32, 95 Pac. 317.

When the case was called for trial defendant Leach was absent, and for purposes of trial was not represented by counsel. A showing was made as to the state of his health, and continuance was sought. The court, passing on the application, said: "I will not now grant any continuance unless the defendant pays the costs to this date as a condition for the continuance." Payment not being made, con-

tinuance was denied, and the trial proceeded. Plaintiffs and their counsel alone appeared and presented evidence.

Whether the court erred in refusing the continuance, we are not disposed to inquire. We think, however, in view of error in dismissing the petition of the intervener, which will necessitate a trial of the same issues that divide plaintiffs and defendant, justice requires, and in this we doubt not the trial court will concur, that reversal should be ordered in behalf of defendant, to the end that as a party he may actively participate in the trial. For, whatever else may be said, and regardless of fault, it is indisputable that in a trial of vital import to him defendant had no part.

Let it be ordered that judgment as to both plaintiffs in error be reversed, the intervener's petition to be reinstated.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.