534 P.2d 349 (1975)
PERLMUTTER ASSOCIATES, INC., a Colorado Corporation, and Perimutter Building Group, Limited, Plaintiffs-Appellants,
v.
NORTHGLENN, a Municipal Corporation, et al., Defendants-Appellees.
No. 74-142.
Colorado Court of Appeals, Div. I.
February 25, 1975.
*350 Berger & Rothstein, P. C., David Berger, Commerce City, for plaintiffs-appellants.
Carroll, Bradley & Ciancio, P. C., Gene A. Ciancio, Denver, for defendants-appellees.
Selected for Official Publication.
STERNBERG, Judge.
Administrative officials of the City of Northglenn refused to issue building permits on certain lots owned by plaintiffs, revoked the permits already held by plaintiffs, and conditioned the reissue of those permits upon the payment of a $200 fee. The city's Board of Adjustment upheld these actions. The matter was reviewed by the district court in a proceeding brought by plaintiffs under C.R.C.P. 106. Defendants counterclaimed seeking an injunction against the use of the property. The actions of the administrative officials, and the Board of Adjustment's approval of them, were upheld by the court, but no injunction was issued. Plaintiffs appeal. We affirm the trial court's action in refusing the injunction, but reverse the balance of its judgment.
On January 13, 1966, Perl-Mack Homes, Inc., and three individuals (Perl-Mack), owners of some 65 acres of previously unplatted ground in Adams County, submitted a plat dividing the property into 155 building sites. The Adams County Planning Commission approved the plat, but, by resolution, made its approval "subject to. . . a letter from Farmers Highline Ditch Company agreeing to accept drainage from the subdivision . . . into the canal." On January 24, 1966, the Board of County Commissioners adopted a resolution approving the plat, but made no reference to any contingencies. The plat was duly recorded bearing on its face the unconditional approval of both the planning commission and Board of County Commissioners and with no reference to the drainage contingency.
It is undisputed that the contingency had not been met. Not only had no letter been procured approving the dumping of drainage waters into the canal, but on the contrary, a letter dated December 18, 1972, expressing the canal owner's refusal to accept the drainage waters appears in the record.
Perl-Mack conveyed the property to Tulsa Rig, Reel and Manufacturing Co., which corporation conveyed it to plaintiff Perlmutter Associates, Inc., in 1968. Since Perlmutter Building Group, Ltd., may have acquired an interest in some of the lots from Perlmutter Associates, it was added as a party plaintiff at the time of trial. In *351 the years following approval of the plat, building permits were issued on about 65 lots, homes constructed on some of them, and certain off-site improvements installed.
On December 27, 1972, following an election, the City of Northglenn annexed the property. No conditions were placed upon the annexation. Thereafter, Northglenn denied all applications for building permits because the conditions relating to drainage as set forth in the resolution of the county planning commission had not been met. However, after Perlmutter made application for four specific building permits, the city administrator lifted the general moratorium on all but six lots in the subdivision, conditioned on payment of $200 per lot into a drainage escrow deposit fund. There had been no ordinance adopted by the city council to authorize these actions. Nor was there any evidence of emergency drainage problems that might justify a peremptory action.
Since it was conceded at oral argument that the subdividers of the property and the present owners are separate entities, and there is no evidence to the contrary in the record, actual notice of the drainage contingency cannot be imputed to plaintiffs. The city cannot "visit the sins of the grantor upon the grantee." State v. City of Tacoma, 63 Wash.2d 23, 385 P.2d 372. Thus, the principal question to be determined is the effect, if any, of the contingency in the resolution of the county planning commission.
While the planning commission attempted to make its approval of the plat conditional, the plat as recorded shows approval of both the commission and Board of County Commissioners without reference to any condition. Therefore, we hold that the approval of the plat must be deemed unconditional, at least as to third persons without knowledge of the condition. To hold otherwise would be to require title examiners to look behind every recorded plat and would do violence to the presumption of notice which is the basis of the law relative to the recordation of documents. See generally §§ 38-35-108 and 109, C.R.S.1973 (C.R.S.1963, 118-6-8 and 9).
In a perhaps laudatory but nevertheless illegal effort to allow development to proceed on the property while solving the drainage problem, the city administrator, in effect, created his own special improvement district by lifting the city imposed moratorium on building permits in the subdivision and establishing a drainage escrow deposit fund into which payments of $200 per lot were required. If the owners of the canal continued to refuse to accept the drainage waters, the proceeds from this fund were to be used to solve the drainage problem. Such action of the city administrator, however well intentioned, cannot stand without specific and valid legislative authorization. See City of Aurora v. Bogue, 176 Colo. 198, 489 P.2d 1295; 2 E. McQuillan, Municipal Corporations §§ 10.40 and 10.40a (rev. 3rd ed. F. Ellard).
When the City of Northglenn annexed the property, it took the subdivision with the plat as recorded. Therefore, the city's revocation and conditional issue or reissue void, as were the conditions imposed upon reissue of those permits. Absent an appropriate ordinance, the city may not impose the drainage fee conditions upon the issuance of future building permits in this subdivision.
The judgment is affirmed as to the denial of injunctive relief to the city, but reversed insofar as it approved the denial, revocation of existing building permits was of building permits, and the cause is remanded for further proceedings not inconsistent with this opinion.
COYTE and RULAND, JJ., concur.