## No. C-698

**Anna S. Lang, George Page and Virginia Page, Terry Ake and Glenda Ake, Thomas Schmiedbauer and Helga Schmiedbauer, Ross L. Varnau, Ronald Moore and Kay Moore, C. C. Corder, Dennis Worland, Donald A. Lang, Roy D. Young, Raymond Young and Joseph Delio v. Edward J. Jones and Shirley J. Jones**

(552 P.2d 497)

Decided July 26, 1976.

Fred R. Rehmer, for petitioners

Myrick and Newton, P.C., Barrie G. Sullivan, II, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This case involves a dispute over the right of the petitioners to use a road, referred to as Trail B, which passes through respondents' property located in the mountains of Jefferson County. The trial court ruled that the respondents had the legal right to block public use of Trail B by placing a locked gate across the road. Petitioners Delio and Schmiedbauer were excepted from the ruling. The court ordered that they be given keys to the locked gate and the right to use the road. An appeal was perfected to the court of appeals, which affirmed the trial court. We granted certiorari to review *Lang v. Jones*, 36 Colo. App. 29, 535 P.2d 242 (1975). We affirm.

The respondents (Joneses) own two five-acre parcels of land, located at the intersection of Trail B and Richmond Hill Road several miles south of U. S. Highway 285 in Jefferson County. An approximate unscaled depiction of the area is set forth on page 315.

Petitioners own property in the vicinity of respondents' two tracks of land. They seek to open up Trail B for public use so that the public can pass southeasterly through respondents' land thence north to U. S. 285 via Richmond Hill Road and also northwesterly through respondents' land to U. S. 285 via Elk Creek Road.

The evidence showed that from the 1920's to 1968 or 1969 there was an *unlocked* gate across Trail B at a point slightly west of the respondents' land. In 1968 or 1969 the gate was removed.

This present dispute began several years ago when the respondents constructed a fence on both sides of Trail B as it passed through their property. The fence restricted the width of the road to twelve feet. Subsequently, they placed a locked gate at the point where Trail B left their parcel number two to continue in a northwesterly direction to connect with Elk Creek Road.

Petitioners assert two grounds of appeal. First, they claim that Trail B is a public road by reason of adverse use. C.R.S. 1963, 120-1-1(3). Second, they claim that they have a legal right to use Trail B by virtue of a reservation in a prior deed.

## ADVERSE USE

Petitioners rely on C.R.S. 1963, 120-1-1(3)[1] to support their claim that Trail B is a public road by reason of adverse use. That section provides:

"The following are declared to be public highways:

. . . .

---

[1] Now section 43-2-201(1)(c), C.R.S. 1973.

"(3) All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years.
. . . ."

The trial court found that ". . . for substantial periods of time, during a fifty year period, Trail B was blocked by a gate" which was not locked. The court determined that the gate precluded the use of the trail from ripening into prescriptive rights and, therefore, concluded that Trail B was not a public road under the statute.

The trial court accurately stated the applicable law. We have held that the use of a road is not adverse where free travel along the road is obstructed by gates across the road, even though they are not locked. *People ex rel. Mayer v. San Luis Valley Land & Cattle Co.*, 90 Colo. 23, 5 P.2d 873 (1931). The use of a road under such conditions is permissive.

There was sufficient evidence in the record to support the trial court's findings of fact regarding the gate and, therefore, they will not be disturbed upon review. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970); *Whatley v. Wood*, 157 Colo. 552, 404 P.2d 537 (1965).

## RESERVATIONS IN DEED

In 1927, Albert Carr Brown conveyed to John A. Brown a parcel of land, with the following reservation:
"Right of way for road through this said property is granted at all times to Albert Carr Brown [seller], his heirs and assigns forever."

Petitioners assert that they are assignees of Albert Carr Brown and that respondents are assignees of John A. Brown. Therefore, petitioners claim that the benefit of the reservation clause is attached to their land and that they have the right to use Trail B under this reservation.

The real question before the trial court was whether the "road" referred to in the reservation was specifically Trail B or did it refer generally to an access road to U. S. 285. The court resolved this question by finding that the reservation did not apply to Trail B. Rather, the court examined later deeds involving neighboring property and concluded that the right-of-way was for a road leading to the main highway, U. S. 285.[2] It was the trial court's finding that Albert Brown sought to reserve to

---

[2]A 1943 deed from Albert Carr Brown, the seller in the 1927 deed relied upon by petitioners, and Bessie A. Brown to Ethel S. Schoder conveyed property neighboring the land conveyed in the 1927 deed and was subject "to a *right of way for a road providing ingress and egress from the main highway known as 285* to the property adjoining the above described property on the south, as now established." (Emphasis added.)

himself, his heirs and assigns an access road to U. S. Highway 285, which access road was later constructed in 1932 and is now named Richmond Hill Road. Although reasonable men may arrive at different conclusions based on the same facts in this case, there was sufficient evidence in the record to support the trial court's findings of fact regarding the reservation clause and, therefore, they will not be disturbed on review. *Linley v. Hanson, supra; Whatley v. Wood, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.