**Frank E. WILLIAMS, Karen B. Williams, and ABD & J Corporation, Plaintiffs-Appellants,**

v.

**TOWN OF ESTES PARK, Colorado, a Municipal Corporation, Defendant and Third-Party Plaintiff-Appellee,**

v.

**Leroy C. BERGER, Margaret C. Berger, N. Wayne Barker, Wanda L. Barker, David A. Webb and Quyen Webb, Third-Party Defendants-Appellees.**

No. 78–165.

Colorado Court of Appeals, Div. II.

Oct. 11, 1979.

Rehearing Denied Nov. 29, 1979.

Certiorari Denied April 7, 1980.

Joseph P. Jenkins, P.C., Estes Park, for plaintiffs-appellants.

Cogswell, Chilson, Dominick & Whitelaw, John H. Chilson, James E. Heiser, Denver, for defendant and third-party plaintiff-appellee.

SMITH, Judge.

Plaintiffs appeal dismissal of their action in which they sought an order requiring inclusion of a portion of the "Old Fall River Road" or the "James-McIntyre Road" as part of the street system of the town of Estes Park. We affirm.

■ In 1949, after relocation of U.S. Highway 34 along a more southern route, the State Highway Commission abandoned a portion of the "Old Fall River Road." The Board of County Commissioners did not adopt a resolution within ninety days thereafter declaring that the abandoned portion was necessary for use as a public highway. Thus, under C.S.A.1935 c. 143 § 112 (1949 Repl.Vol.) (Substantially the same as § 43–2–106, C.R.S.1973), title to the abandoned portion of the highway reverted to the owners of the land through which it ran.

In 1953, the county declared which roads would thereafter comprise the county road system, but this resolution did not designate the "Old Fall River Road" as a primary or secondary road in the county. In 1972, however, the county, by resolution, purported to vacate a portion of the "Old Fall River Road." On January 3, 1974, plaintiffs acquired title to a tract of land that abutted the "Old Fall River Road." This action was commenced late in 1974, subsequent to the town's annexation of plaintiffs' property.

Plaintiffs assert that the 1972 vacation resolution by the Board of County Commissioners, a resolution which purported to find that the road in question was a public road, is binding on the town. Thus, they assert, annexation made the "Old Fall River Road" part of the town's street system. We disagree.

■ Section 43–2–303(1)(b), C.R.S.1973, authorizes the Board of County Commissioners to vacate a public roadway or any part thereof. It is true that, in 1972, the County Commissioners in a proceeding pursuant to that statute, at the request of a different property owner whose land abutted another portion of the road, purported to find that the "Old Fall River Road" was public. This finding was made in order to support the Board's resolution purporting to vacate a portion of the same. However, we hold that § 43–2–303(1)(b), C.R.S.1973, does not vest the Board of County Commissioners with the authority to declare that a road has become public by adverse use. Rather, this section only gives commissioners the authority to relinquish any claims the public may have in a road.

■ Public roads may be created by deed, dedication, a rule and order entered in an eminent domain proceeding, or by court decree when past public use justifies such declaration. In this connection, § 43–2–201(1)(c), C.R.S.1973, provides that all roads over private lands that have been used adversely by the public without interruption or objection for twenty consecutive years become public roads.

■ Here, after a full trial on the adverse user issue, the trial court found that the use of the "Old Fall River Road" by members of the public had been casual, intermittent, and generally with the permission of the landowners. Since this finding is supported by substantial evidence, it is binding on review. *Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970).

■ Because the use was permissive it cannot be adverse. *Lang v. Jones*, 191 Colo. 313, 552 P.2d 497 (1976). *See also Boulder Medical Arts, Inc. v. Waldron*, 31 Colo.App. 215, 500 P.2d 170 (1972). Furthermore, because the use was only intermittent, and not continuous, it does not meet the requirements of the statute. *People ex rel. Mayer v. San Louis Valley Land & Cattle Co.*, 90 Colo. 23, 5 P.2d 873 (1931). Therefore, the trial court was correct in determining that the road did not become a public road under § 43–2–201(1)(c), C.R.S. 1973.

■ There was no evidence that the "Old Fall River Road" had been dedicated to the public use pursuant to § 43–2–201(1)(a), C.R.S.1973, or that it otherwise qualified as a public road. Thus, since the road was not public prior to annexation, it did not become public because of the annexation. *Cf. Perlmutter Associates, Inc. v. Northglenn*, 35 Colo.App. 355, 534 P.2d 349 (1975).

Having concluded that the trial court committed no error in finding that the road was not public, and thus dismissing the case, we need not reach the other issue raised in the appellant's brief.

Judgment affirmed.

ENOCH, C. J., and PIERCE, J., concur.