**STATE of Colorado, DEPARTMENT OF NATURAL RESOURCES, WILDLIFE COMMISSION, DIVISION OF WILDLIFE, Plaintiff–Appellee,**

v.

**Daren CYPHERS, Defendant–Appellant.**

**No. 01CA2553.**

Colorado Court of Appeals, Div. IV.

Feb. 27, 2003.

Certiorari Denied July 28, 2003.*

---

* Justice KOURLIS and Justice COATS would grant as to the following issues:

Whether the court of appeals erred in finding that the Division of Wildlife was the real party in interest and had the requisite legal authority to bring the underlying claim.

Whether the court of appeals erred in holding that the declaration of a "public highway" does not carry with it any obligation for maintenance or the expenditure of any public funds.

448

Ken Salazar, Attorney General, Bradley W. Cameron, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kay Snider Coffman, P.C., Kay Snider Coffman, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Daren Cyphers (landowner), appeals from an adverse judgment entered in an action brought by plaintiff, the Colorado Department of Natural Resources, Wildlife Commission, Division of Wildlife (DOW), to declare the existence of a public highway across landowner's property. We affirm.

Landowner owns property in a remote and rugged area of Garfield County near the Colorado–Utah border. Rock cliffs 300 to 400 feet high exist on the east and west sides of the property. Except for one other privately owned parcel, all the land to the north, west, and east of landowner's property is owned by the United States Bureau of Land Management (BLM).

Access through landowner's property to BLM land is effectively limited to travel within Prairie Canyon. Aerial photographs taken from the 1930s through the 1990s show a road traversing landowner's property in the canyon. The road had been enlarged and improved through the years, reaching its present condition in the 1970s, when it was used for oil exploration purposes. According to the evidence, the road had also been used for years by nearby ranchers chasing stray cattle, hunters going onto BLM land, and sightseers.

Landowner purchased his property in 1987. Sometime thereafter, he built a locked gate across the canyon road, which effectively prevented public access to thousands of acres of BLM land. After hunters complained, the BLM attempted to arrange a trade of property with landowner. When those negotiations failed, the DOW instituted the present action, pursuant to C.R.C.P. 105, seeking to enjoin landowner from restricting access to Prairie Canyon Road and to have it declared a public road under § 43–2–201(1)(c), C.R.S.2002.

Following a bench trial, the trial court found for the DOW and declared the road a public highway. It subsequently denied defendant's motion for reconsideration and new trial.

## I. DOW's Standing

■ Landowner first contends that the DOW is not a proper party or real party in interest and thus lacks standing to bring this action. We disagree.

■ An allegation that a party is not a proper party or real party in interest challenges a party's standing, see *Ewy v. Sturtevant*, 962 P.2d 991, 995 (Colo.App.1998), and standing is an issue that can be raised at any time. *Anson v. Trujillo*, 56 P.3d 114, 117 (Colo.App.2002).

We reject landowner's contention that the DOW may not bring this action because it may acquire property interests under § 33–1–105(1)(a)(I), C.R.S.2002, only by "gift, transfer, devise, lease, purchase, or long-term operating agreement."

■ The declaration of a public road under § 43–2–201(1)(c) does not result in the "acquisition" of property interests, including easements, for any particular party. It only makes available to the public a route through private land. *See generally Board of County Comm'rs v. Flickinger*, 687 P.2d 975, 980 (Colo.1984). Hence, the DOW's interest in and right to use the route recognized under § 43–2–201(1)(c) are no greater or lesser than those of any member of the general public.

Contrary to landowner's contention, the DOW has a legitimate and substantial interest in opening Prairie Canyon Road to public use. Because it is authorized to regulate the taking, possession, and use of wildlife, *see* § 33–1–106, C.R.S.2002, the DOW has an interest in providing hunters and fishers meaningful access to public lands and in gaining access to those lands to regulate the hunting and fishing there.

In our view, these interests are sufficient to confer upon the DOW standing, on behalf of the public, to seek a declaration that Prairie Canyon Road is a public highway and to obtain an injunction prohibiting interference with the public's use of that road. *Cf. Leach v. Manhart*, 96 Colo. 397, 400, 43 P.2d 959, 960 (1935)("[T]he county's interest was such that it had the right to have judicial determination as to the character of the road, and if found to be public, to have injunctive relief

against those who would interfere with consistent use thereof.").

■ We also reject landowner's contention that this result will create prohibited maintenance obligations for the state. "[I]t is not necessary that a governmental subdivision maintain the road to retain its status as a public highway." *Foley v. Terry*, 532 P.2d 765, 766 (Colo.App.1974)(not published pursuant to C.A.R. 35(f)); *see also Simon v. Pettit*, 687 P.2d 1299, 1303 (Colo.1984)("section 43–2–201(1)(c) does not require the city to expend funds or otherwise demonstrate its willingness to accept highways established by prescription").

### II. Public Highway Determination

■ Landowner also contends that the evidence was insufficient to support the trial court's finding that the road became a public highway through adverse use. Again, we disagree.

Pursuant to § 43–2–201(1)(c), "[a]ll roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years" are declared public highways.

■ A party claiming a public highway by adverse use under § 43–2–201(1)(c) bears the burden of proving that: (1) the public used the road under a claim of right and in a manner adverse to the landowner's property interest; (2) such use has been without interruption for the statutory period of twenty years; and (3) the landowner had actual or implied knowledge of the use and made no objection. *Littlefield v. Bamberger*, 32 P.3d 615, 619 (Colo.App.2001).

■ Because the credibility of witnesses and the sufficiency, probative effect, and weight of the evidence are all within the province of the trial court, we may not disturb its determinations if they are supported by the record. *Littlefield v. Bamberger, supra*, 32 P.3d at 620.

Here, the trial court found that Prairie Canyon Road had been used adversely without interruption by the public for more than twenty consecutive years from the early 1940s to the mid–1980s; that the road was clearly visible and not blocked by fence or gate; and that the landowner's predecessors in interest knew of and did not oppose public use of the road until 1984. Further, the court found insufficient evidence to establish that the road had been abandoned by the DOW's failure to take prompt action after landowner effectively closed and posted the road in 1991.

Landowner points to the following items in the record, which in his view support a different conclusion: (1) testimony of neighbors that they received permission from one of landowner's predecessors to go onto the property for designated purposes; (2) testimony that landowner's predecessors in interest locked a gate on the property during 1966–1972, preventing continuous and adverse use of the road during that period; and (3) evidence that the land was unenclosed and unoccupied.

Landowner argues that his predecessors in interest did not have actual or implied knowledge of the public's use of the road and, in any event, the DOW and the public abandoned their rights to use the road. We are not persuaded.

■ Use of a road with the landowner's permission does not qualify as adverse use. *See Williams v. Town of Estes Park*, 43 Colo.App. 265, 267, 608 P.2d 810, 812 (1979). However, a number of witnesses testified that they had used the road, without asking permission of landowner's predecessors in interest, for a continuous period of over forty years. Some of these witnesses testified that the prior owners permitted them to use the property for certain purposes, such as gathering cattle. But, for the most part, they stated that they used the road for other purposes for which permission was not given. Landowner also relies on evidence of a locked gate at certain times between 1966 and 1972, but there is ample evidence supporting a contrary finding. It was the province of the trial court to determine which version of the conflicting evidence to believe, and we may not disturb its findings. *See Littlefield v. Bamberger, supra*, 32 P.3d at 620.

■ Landowner further argues that the nature of the land rendered it presumptively

subject to permissive use because it was "unenclosed and unoccupied." *See Durbin v. Bonanza Corp.,* 716 P.2d 1124, 1129 (Colo. App.1986). However, the record contains evidence that there was a fence close to landowner's property and that the property was occupied or regularly used by landowner's predecessors at various times throughout the prescriptive period.

Nor are we persuaded by landowner's contention that the road had been abandoned.

Abandonment of a public road requires proof of intent to abandon and proof of nonuse. Even occasional use of a public road for access purposes, in the absence of an alternative road, precludes a finding of abandonment. *Heath v. Parker,* 30 P.3d 746, 749 (Colo.App.2000).

The burden of establishing abandonment is on the party asserting it, and whether abandonment of a public road has occurred is a question of fact committed to the sound discretion of the trial court. *Heath v. Parker, supra.*

The record reflects that members of the public complained after landowner built the locked gate across the road and that thereafter, the DOW and BLM undertook various efforts to reopen the road on their behalf. From this evidence, the trial court could properly conclude that landowner had not established an abandonment because he had failed to prove that the public and the agencies representing its interests intended to abandon the right to use the road.

### III. Reconsideration or New Trial

Finally, landowner contends that the trial court erred in denying his motion for reconsideration or new trial. Inasmuch as he asserts no grounds other than those we have already rejected, we reject this contention as well.

Accordingly, the judgment is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.